Hamilton et al. v. Batlin et al.

---

ROBERT W. HAMILTON *et al*. Plaintiffs in Error, *vs*. JOHN BATLIN and wife, Defendants in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The Plaintiff is the owner in fee of certain lands. One of the Defendants forged a deed purporting to convey the same from the Plaintiff to himself, and placed the same on record. He subsequently conveyed the lands, and by a series of conveyances, all of which were recorded, the land was purchased by the Defendants, two of whom, Hart & Cobb, went into possession, and were in such possession at the commencement of this action. The Plaintiff commenced an action to cancel the forged deed, and all the others subsequent to and depending on it, and also to cancel the record of said deed. *Held*, that the action was not brought under *section* 1, *page* 95 of the *Compiled Statutes*, but under the rules of equity, which give relief in such cases, and that actual possession of the lands by the Plaintiff was not necessary to enable him to sue.

The cases of *Steele vs. Fish*, 2 *M. R.*, 153 ; *The State vs. Bachelder*, 5 *M. R.*, 223 ; *Meighen vs. Strong*, 6 *M. R.*, 179, and *Donnelly vs. Simonton*, 7 *M. R.*, 179, commented on and explained.

Points and Authorities of Defendant in Error.

I.—Plaintiff had an adequate remedy by statute. *Comp. Stat., p.* 495; 1 *Barb.* 168, 178; 12 *Barb.*, 352. And he should have resorted to it. *Comp. Stat. p.* 630, *sec.* 46; 17 *Conn.*, 365.

II.—This relief has never been granted when the Defendant was in actual possession, claiming adversely. 8 *How. Pr.*, 523; 16 *N. Y.*, 521; 14 *N. Y.*, 534; 9 *Paige*, 388; 5 *Ves.*, 293; 16 *N. Y.*, 519; 3 *Barb.*, 481; 2 *Lanelf, S. C.*, 475; 5 *Paige*,

493; 6 *Paige*, 262; 7 *Paige*, 16; 8 *Paig.*, 198; 15 *How. Pr.*, 161; 7 *Abb. Pr.*, 11; 6 *John. Ch.*, 28; 15 *Barb.*, 375; 4 *Barb.*, 9; *Hop.*, 173; 8 *Cow.*, 386; 7 *John.*, 566; 7 *John. Ch.*, 301; 6 *Paige*, 480; 4 *Paige*, 478; 2 *Barb. Ch.*, 77; 2 *John. Ch.*, 281; 2 *Atk.*, 483; 10 *Paige*, 539; 1 *Vernon*, 266; 16 *Barb.*, 11, 490; 7 *How. Pr.*, 17; 4 *Barb.*, 600; *Willard's Eq. Jur.*, *p.* 323. This is the strongest argument against this relief in this cause.

D. Cooper & L. Cornman, Counsel for Plaintiffs in Error.

Brisbin & Warner, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.—The Plaintiffs in the Court below allege that John Batlin was, on the first day of February, 1856, and still is, seized and possessed of the title in fee simple of the lands in question. That a deed of the same from the Plaintiffs to Robert W. Hamilton, was forged and placed on record. A series of deeds from Hamilton and his grantees are set out. The action is brought to cancel and set-aside these several deeds as casting a cloud upon the Plaintiff's title. The answer puts in issue the question of the forgery of the deed to Hamilton, and alleges that the Defendants, Hart and Cobb, are the owners, and entitled to the possession of the land. The possession of Hart and Cobb is admitted. On the trial all the issues were found for the Plaintiff, but nothing was said about the possession. The question presented here is whether the Plaintiff can maintain the action, unless he is in the actual possession of the premises, and we are cited to *sec.* 1, *p.* 595 *of the Compiled Statutes*, as showing that he cannot.

We have had questions of this character under consideration on several occasions,—in some cases where the action was brought under the statute, and in others where it was not. In the case of *Steele vs. Fish*, 2 *M. R.*, 153, the action was under the statute, the complaint simply alleging that the Plaintiff was in possession and the Defendant claims adversely. We hold this sufficient to make a cause of action against the Defendant, and compel him to place his claim on record for adjudication, or abandon it.

In *Meighan vs. Strong*, 6 *M. R.*, 179, the action was brought under the statute, and the proper allegation of possession was made by the Plaintiff, and put in issue by the Defendant. The jury, however, failed to pass upon the issue of possession, and found a verdict which was incomplete. A new trial was awarded partly upon this ground, and partly upon other errors committed upon the trial. That case holds that where the action is predicated upon the statute, possession is a necessary ingredient of the Plaintiff's case.

In *Donnelly vs. Simonton*, 7 *M. R.*, 167, the action was to clear off the record of a mortgage foreclosure which had been avoided by a subsequent redemption. This action was not brought under the statute at all, but under a principle in equity which authorizes an instrument originally valid, but which has by subsequent events become *functus officio*, or extinguished, to be cancelled, when its existence may be a cloud upon the Plaintiff's title. In this case it was insisted that possession in the Plaintiff was necessary to maintain the action, but we held otherwise, as the action was not under the statute.

The case of *The State vs. Bachelder*, 5 *M. R.*, 223, was brought under the statute. Possession was alleged, and only controverted on the ground that the State could not have such possession as was contemplated by the act. The nature of this statute was examined in the opinion, at pages 238-9, and the doctrine in *Steele vs. Fish*, approved.

It will be seen from these cases that where the action is prosecuted under the statute, in the summary manner therein authorized, it must be by a party in possession, but it does not follow that any of the remedies furnished by equity to parties not in possession, are by the statute cut off or in any manner interfered with. The situation of the Plaintiff here is this: He is the owner in fee of certain lands. Hamilton forges a deed of the same to himself, and places it on record. He then conveys under the forged deed to other parties, who place their deeds on record, and go into possession of the land. The Plaintiff discovers the fraud which has been committed, and desires to be relieved from its effect. Now the only reason that can be urged against a resort to equity in such a case

is, that he has an adequate remedy at law. The only redress that he could obtain at law would be by an action in the nature of ejectment to recover the possession of the land. In such an action the validity of the deed to Hamilton and those depending on it, could be tested, and the Plaintiff recover the possession of the land, but the Court in such an action could not decree the delivery of the deeds, nor cancel the record of the same, which record would remain a cloud upon his title, quite as embarrassing as before the action was brought. There is no form of action at law, therefore, that would furnish an adequate remedy under the circumstances. Equity cannot be ousted of jurisdiction for this reason.

To show that a case of this character is of equitable cognizance, we have but to refer to an elementary writer on the subject. Mr. Story in his *Commentaries on Equity*, vol. 2, sec. 701, says, in speaking of the cancellation of deeds—" The whole doctrine of courts of equity on this subject is referable to the general jurisdiction, which it exercises in favor of a party, *quia timet*. It is not confined to cases, where the instrument having been executed, is void upon ground of law or equity. But it is applied even in cases of forged instruments, which may be decreed to be given up, without any prior trial at law on the point of forgery." Now that law and equity is administered by the same tribunals, no doubt can be entertained of the power to try all such questions in the present form of action.

The statute was evidently passed to furnish a speedy remedy to parties in possession by a summary proceeding to call upon all persons making adverse claims to the land to present them for adjudication. The Plaintiff, under its provisions, is not called upon to set out the claim made by his adversary, but simply to aver the fact that he makes a claim which compels him to sustain or abandon it. This action is not of that character. The complaint fully sets up the Defendant's claim and demands specific relief. We think it is well brought under the rule in equity above quoted, and that the question of possession made by the answer is immaterial.

The judgment is affirmed.