### BEAMER et al. v. WERNER et al.

(Circuit Court of Appeals, Seventh Circuit. November 19, 1907.)

No. 1,392.

**1. APPEARANCE—TIME—GENERAL APPEARANCE—EFFECT.**

Where, in a suit to set aside a contract for the sale of land, defendants, who were served only by publication, after removal of the cause to the federal courts, elected to appear to the merits and defend, such appearance operated to convert the suit from a proceeding in rem to a suit in personam.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 67.]

**2. QUIETING TITLE—CLOUD ON TITLE—REMOVAL—JURISDICTION.**

Where an alleged spurious contract for the sale of land in Missouri provided for a cash payment of a portion of the consideration, or by conveyance in lieu thereof of a farm owned by one of the complainants in Illinois, such agreement when filed in Illinois constituted a cloud on complainant's title to the Illinois land, which equity had jurisdiction to remove.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 14-25.]

**3. APPEAL—FINDINGS—REVIEW.**

Findings of the trial judge in a suit to remove a cloud on title, while not controlling on appeal, will not be disturbed unless they rest on an erroneous view of the rights of the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3955-3969.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The appellants were the defendants below, in a bill filed by the appellees— originally in the Circuit Court of Will county, Ill., but removed to the United States Circuit Court, on petition by the appellants—seeking equitable relief in respect of a purported agreement in writing between the appellees and the

appellant, named as Missouri Immigration Association, purporting to be a contract for sale and exchange of lands, recorded in the recorder's office of Will county, where one of the tracts of land referred to was located. After removal of the suit issues were joined; and upon final hearing of the testimony offered under bill and answers, the trial court found in favor of the appellees upon all the issues, and passed a decree accordingly, from which this appeal is prosecuted.

The bill sets forth the purported agreement, which provides for a sale to the appellee Anna Werner of lands in Missouri for $16,000, in consideration of $2,400 to be paid in cash and $9,600 to be paid either in cash or by conveyance, in lieu thereof, of a farm owned by her, in Will county, Ill., described in the paper bearing the signatures of both parties, together with $4,000 assumed in a mortgage upon the land. Facts are averred in reference to the negotiations, preparation of the writing, and procurement of signatures, which are sufficient, if true, to establish imposition in the transaction, and no intention or understanding upon the part of the appellees that a contract was executed between the parties; on the contrary, that they were led to believe and understood that the instrument signed by the appellees was the only writing so signed, and was left in their hands, undelivered and without force, to be examined by their counsel, and operative only in the event of their conclusion to make the trade after consultation, and upon their delivery of such instrument to the appellants. Further averments tend to impeach the duplicate of the writing, retained by the appellants, as obtained through false representations and recorded in Will county for the purpose of imposing upon the appellees by casting a cloud upon the title to their lands therein embraced in the agreement. The answers filed by the appellants deny these averments, and state facts tending to establish contract obligations. All parties to the transaction testified upon the hearing, and the issue between the opposing versions rests upon the credibility of witnesses, as the testimony on the part of the appellees plainly supports the averments of the bill.

In the course of the hearing, it appeared that the appellants had commenced a suit in assumpsit against the appellees in the United States Circuit Court to recover damages upon the alleged contract in question prior to the filing of the bill in equity; and the trial court granted leave to the appellees to file amendments to the bill, setting up such fact for injunctional relief against the prosecution of the suit at law. The decree adjudges the written instrument to be void and without force as a contract, conferring no valid lien or claim in favor of the appellants upon the farm in Will county therein mentioned, and provides for release upon the records; and it further enjoins the appellants from prosecution of their suit at law.

The appellants were nonresidents of Illinois, and the only service of process at the commencement of the suit was by publication. While their appearance in the state court was special, for the purpose of removal, each appeared and answered the bill, after removal, without reservation or objection; and no challenge of jurisdiction appears in the record before the trial court over person or subject-matter.

D. H. McGilvray, for appellants.
E. C. Wetten, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The complaints of rulings made and conclusions reached by the trial court are numerous as set out in the assignment of errors, but all material questions for consideration, including all which are discussed in the brief for appellants, may be resolved into two inquiries: (1) Whether the relief granted was within the jurisdiction acquired by the trial court; and (2) whether the decree was authorized

under the evidence. No reversible error appears, if these inquiries are answered affirmatively.

1. The contention of want of jurisdiction rests on the twofold propositions, in substance, that the only jurisdiction obtained was in rem (through the publication), and thus limited equitable relief under the bill to removal of an existing cloud upon the appellees' title; and that the recorded matter cast no cloud, so that equitable cognizance was unauthorized. Neither of these propositions is tenable in our view of the record. It is true that no personal jurisdiction was acquired until after removal, and without general appearance and answers no personal decree could be upheld. The appellants could have suffered default without incurring personal liability. They elected, instead, to appear to the merits and defend the transactions complained of, and the rule is well settled that such procedure, after removal, "converted into a personal suit that which was before a proceeding in rem." Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98, 105, 11 Sup. Ct. 36, 34 L. Ed. 608, 11 Notes U. S. Rep. 1051. That the subject-matter of this controversy was within the general jurisdiction in equity is unquestionable; and jurisdiction of the person may be conferred by consent or waiver, without service of process, as a personal privilege or exemption from liability to process may always be waived. St. Louis, etc., Ry. v. McBride, 141 U. S. 127, 130, 132, 11 Sup. Ct. 982, 35 L. Ed. 659; 12 Notes U. S. Rep. 19. So, equitable cognizance of the issues between the parties arose, irrespective of any question as to the relief available before appearance and answers.

The record of the alleged agreement, however, not only authorized its removal as a cloud upon the title, if spurious, under the liberal rule of the forum (Hodgen v. Guttery, 58 Ill. 431, 438; Moore v. Munn, 69 Ill. 591, 595), but it purported to give the appellants an equitable claim against the appellees' farm if the purchase money for the Missouri lands were unpaid, and thus raised a cloud, in any view of the rule applicable for relief. With equitable jurisdiction established over subject-matter and persons, the power of the court to grant leave to amend the bill for extension of relief is undoubted; and the objection to its exercise in the case at bar is without force.

2. The contentions that the evidence was insufficient to impeach the alleged contract rest on a misconception of the force of the conclusion of the trial court as to the facts. Failure or deficiency of testimony in support of any material averment of fact in the bill is not pointed out in the brief for appellants; and the various matters complained of are, in effect, the findings of fact by the court in favor of the proof furnished on behalf of the appellees, instead of accepting the adverse testimony of witnesses on the part of the appellants as the credible version. Examination of the evidence, certified in the record, discloses direct, clear, and positive testimony which fully sustains the decree. This testimony is controverted in material points by witnesses for the appellants, and the issue between the parties rests upon the truth of one or the other version. The witnesses testified in open court so that each was heard and observed by the trial judge, and his determination of the credible testimony, if not controlling in equity as in law, will in no in-

stance be disturbed, unless it rests on an erroneous view of the rights involved, as to the burden of proof or otherwise. We are satisfied, however, with the deductions of fact, as found by the trial court in the suit at bar, irrespective of their presumptive value, and they clearly authorize the relief granted.

The decree of the Circuit Court accordingly is affirmed.