SAMUEL RANDALL and Duncan Ferguson, Golden Valley Land & Cattle Company, a Corporation, and Stondall Land & Investment Company, a Corporation, v. JOHN JOHNSTONE and Carrie Johnstone by J. A. Miller, Her Guardian *Ad Litem.*

(141 N. W. 352.)

**Conveyances — deeds — grantees — grantor — real parties in interest — separate actions.**

1. Where two separate deeds are executed to different grantees while the grantor is out of possession, and the two grantees bring separate actions in the name of the grantor as nominal plaintiff for their separate uses, such use plaintiffs are the real parties in interest. The said actions are separate and distinct and between different parties, and the decision of one suit is not a bar to the bringing of the other.

**Judgment — damages — use plaintiff.**

2. Following Christ v. Johnstone, *ante,* 6, 140 N. W. 678, *held,* that the judgment entered for damages against the defendant who was in possession of the land is limited to the times wherein the use plaintiff is entitled to recover.

Opinion filed March 18, 1913. Rehearing denied May 7, 1913.

Appealed from the District Court for Billings County, Nuchols, J. Modified.

*Purcell & Diver, T. F. Murtha,* and *John Carmody,* for respondents.

Nothing except errors appearing on the judgment roll can be reviewed in the Supreme Court, without a proper statement of the case specifying facts for review. Brandenburg v. Phillips, 18 N. D. 200, 119 N. W. 542; Farmers' & M. Nat. Bank v. Davis, 8 N. D. 83, 79 N. W. 998; Ricks v. Bergsvendsen, 8 N. D. 578, 80 N. W. 768.

Action may be brought in name of grantor, for the benefit of the real parties in interest. Galbraith v. Payne, 12 N. D. 173, 96 N. W. 258.

Causes of action can only be joined when all the causes are common to all of the parties. Rev. Codes, § 6877, subdiv. 7; Hoffman v. Wheelock, 62 Wis. 434, 22 N. W. 713, 716; Mosier v. Beale, 43 Fed. 358 (on California statute); 1 Abbott, Pleadings, 772.

In the absence of the evidence—it will be presumed that the parties

litigated, without objection, all questions determined by the court. Baker v. Byerly, 40 Minn. 489, 42 N. W. 395; Stevens v. Stevens, 82 Minn. 1, 84 N. W. 457.

The grantor in deeds that are void, as against the grantees, can enforce any right that could have been enforced had not the deeds been given. Livingston v. Proseus, 2 Hill, 526; Galbraith v. Payne, 12 N. D. 172, 96 N. W. 258; Chamberlain v. Taylor, 92 N. Y. 348.

*Heffron & Baird* and *J. A. Miller,* for appellant.

A claim or demand indivisible in its nature cannot be split so as to authorize several actions for the same claim; if a recovery is had for part of such demand, it will be regarded as an election to accept such part for the whole. 23 Cyc. 436, 437, and cases cited on pages 437, 438; Continental Ins. Co. v. H. M. Loud & Sons Lumber Co. 93 Mich. 139, 32 Am. St. Rep. 494, 53 N. W. 394; 23 Cyc. 1174, and note 85; 1 Van Fleet, Former Adjudication, § 59, also, §§ 70–144 and 156.

The principle which prevents the splitting up of causes of actions is a rule of justice, and is not to be classed among technicalities. Dutton v. Shaw, 35 Mich. 431; Dils v. Justice, 137 Ky. 822, 127 S. W. 472; 23 Cyc. 1178; Freeman, Judgm. § 241, and cases cited.

One recovery, although it be for a part only of the entire injury, is effectual as an estoppel. Pierro v. St. Paul & N. P. R. Co. 39 Minn. 451, 1 Am. St. Rep. 673, 40 N. W. 520.

The law requires causes of action to be prosecuted as a whole, to the end that litigation may cease. Kline v. Stein, 46 Wash. 546, 123 Am. St. Rep. 940, 90 Pac. 1041.

Assigning portions of land or contracts does not permit the different assignees to bring separate actions in their behalf. Craig v. Broocks, — Tex. Civ. App. —, 127 S. W. 572; Collins v. Gleason, 47 Wash. 62, 125 Am. St. Rep. 891, 91 Pac. 566; Stone v. Pratt, 25 Ill. 26; Loomis v. Robinson, 76 Mo. 488; Cornett v. Moore, 30 Ky. L. Rep. 280, 97 S. W. 380; Phillips v. Portsmouth, 112 Va. 164, 70 S. E. 502; Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448, note; Mallory v. Dawson Cotton Oil Co. 32 Tex. Civ. App. 294, 74 S. W. 953.

Damages for the use and occupation of real estate prior to acquiring title cannot be recovered. Masterson v. Hagan, 17 B. Mon. 328; Sibbald's Estate, 18 Pa. 249; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; 3 Sutherland, Damages, § 992.

BURKE, J.   In the year 1906 the Golden Valley Land & Cattle
Company were the owners of section 11, twp. 138, r. 105, and in that
year entered into a contract to sell said land to the defendant Johnstone.
This contract was soon mutually rescinded, but Johnstone thereafter
decided to stand upon his contract, and took possession of the said land.
Thereafter and while he was in such possession, the Golden Valley
Land & Cattle Company sold one quarter of said section to the plaintiff
Randall, and another quarter section to a man named Christ.   Christ
and Randall brought separate actions against the defendant Johnstone
to quiet title to the respective tracts purchased by them.   Those com-
plaints were first brought in the respective names of Christ and Ran-
dall, but were afterwards amended in each instance to show that the
Golden Valley Land & Cattle Company brought the action for the use
of the said defendants.   The case entitled the Golden Valley Land &
Cattle Company for the use and benefit of A. T. Christ against John-
stone was tried by the court without a jury, and at the conclusion of
the testimony the court announced that he would hold in favor of the
plaintiff.   Before any formal order was entered to that effect the defend-
ant in the other action moved the court to dismiss this action on the
ground that the matter in controversy is the same as was set up in
the Christ Case, which had just been tried by the court; that the mat-
ter in controversy was the validity of the same contract between the
Golden Valley Land & Cattle Company and the defendant Johnstone,
and that the Golden Valley Land & Cattle Company has elected to split
its case in regard to the contract for the sale of said land, and has elected
to try the issues in regard to said contract in the first, or Christ Case,
and is now barred from bringing this action or any other action in
regard to any other portion of said section.   This objection was over-
ruled by the trial court, and is one of the principal errors relied upon
by appellant.

(1) Appellant cites many cases holding that a plaintiff cannot split
his cause of action and try it piecemeal.   These cases are merely authori-
ties upon the propositions of *res judicata;* the gist of these holdings
being that, where the same parties have once litigated a question, it will
be binding upon them thereafter.   The appellants in the case at bar
make the mistake of assuming that the case of Christ v. Johnstone and
RANDALL v. JOHNSTONE are between the same parties, because the

Golden Valley Land & Cattle Company happens to be the nominal plaintiff in each case. The actions are really separate and distinct, and are between different parties. The nominal plaintiff may know nothing about the pendency of those actions. It has no control over them. The plaintiff Randall might not desire to try his cause of action along the same lines used by the plaintiff Christ. He may have discovered new evidence for use in his trial. For this reason the motion of the defendant was properly denied by the trial court.

(2) After the above objection had been overruled by the trial court, the trial was had by the court upon the same evidence received in the case of Christ v. Johnstone, ante 6, 140 N. W. 678, just decided by this court, and judgment was entered in favor of the Golden Valley Land and Cattle Company for the use of the premises at the rate of $125 a year for five years. The evidence shows that the use plaintiff, Randall, did not purchase the premises until the year 1909, nor have an assignment of the claim for damages from the parties who owned the land prior to that time. Following the case of Christ v. Johnstone, supra, we hold that it was not proper for the trial court to grant any personal relief to the nominal plaintiffs in the action, nor was it proper to allow the use plaintiff, Randall, damages for the occupation of the land prior to the time he acquired the ownership thereof. It therefore follows that the judgment of the trial court should be modified and the sum of $625 damages be reduced to $250. Appellants will recover their costs on this appeal.