## ANDREW SCHMIDT et al. v. JOHN JOHNSTONE.

(153 N. W. 293.)

**Separate deeds — to different grantees — for different parts of larger tract — separate actions — in name of grantor — for separate uses — use plaintiffs — real parties in interest — distinct actions — decision in either — not bar to others.**

1. Following Randall v. Johnstone, 25 N. D. 284, it is *held* that where three separate deeds for three different tracts constituting parts of a certain larger tract are executed to different grantees while the grantor is out of possession, and the three grantees bring separate actions in the name of the grantor as nominal plaintiff for their separate uses, such use plaintiffs are the real parties in interest; and such actions are separate and distinct, and between different parties, and the decision of one suit is not a bar to the bringing of the other.

**Land contract — action to remove cloud on title — equitable action.**

2. An action to cancel a contract and remove a cloud upon the title of plaintiff's land, caused by the recording of such contract, in the office of the register of deeds, is essentially an equitable action.

**Use and occupation — damages for — equitable issues — dependent upon — judgment — jury trial.**

3. In such action damages for the value of the use and occupation of the land are dependent upon a determination of the equitable issues; and a demand for judgment for such use and occupation does not necessarily transform it into an action at law, or entitle defendant to a jury trial.

**Court of equity — jurisdiction — once obtained — retained — complete relief.**

4. A court of equity, having once obtained jurisdiction of a controversy, will retain it for the purpose of administering complete relief and doing entire justice between the parties with respect to the subject-matter.

**Trial court — striking case from calendar — motion for — denial of.**

5. *Held* that the trial court, for reasons stated in the opinion, properly refused to strike case from the calendar.

Opinion filed May 13, 1915.　Rehearing denied June 7, 1915.

From a judgment of the District Court of Golden Valley County, *Pollock,* Special J., defendant appeals.

Affirmed.

*F. C. Heffron* and *J. A. Miller,* for appellant.

A change of venue is not complete until the files are received by the court to which they are sent, and therefore this case could not be legally put on the calendar for the term commencing before their receipt by the clerk.　Stringer v. Jacobs, 9 Ark. 497, 50 Am. Dec. 221; 50 Cyc. 174.

Constitutional provisions as to right to trial by jury are universally held to refer to such rights as they existed at the time of the adoption of the Constitution.　Smith v. Kunert, 17 N. D. 120, 115 N. W. 76; Copp v. Henniker, 55 N. H. 179, 20 Am. Rep. 194; Stillwell v. Kellogg, 14 Wis. 462; Whallon v. Bancroft, 4 Minn. 109, Gil. 70; 24 Cyc. 101, 102, notes 76–78.

The Code action to determine adverse claims to real property is a composite action, either legal or equitable, depending upon the matters at issue between the parties.　Davis v. Judson, 159 Cal. 121, 113 Pac. 148; Burleigh v. Hecht, 22 S. D. 301, 117 N. W. 367; Kenny v. McKenzie, 25 S. D. 485, 49 L.R.A.(N.S.) 775, 127 N. W. 597.

An action for possession of real property, by one out of possession against the person in possession, in the Code action to determine adverse claims, is an action in ejectment.　Ottow v. Friese, 20 N. D. 86, 126 N. W. 503; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Burleigh v. Hecht and Kenny v. McKenzie, supra; Code Civ. Proc. 1913, § 8147.

And same triable by jury.　Donahue v. Meister, 88 Cal. 121, 22 Am. St. Rep. 283, 25 Pac. 1096; Gillespie v. Gouly, 120 Cal. 515, 52 Pac. 816; Haggin v. Kelly, 136 Cal. 481, 69 Pac. 140; Davis v. Judson, 159 Cal. 121, 113 Pac. 148; Angus v. Craven, 132 Cal. 691, 64 Pac. 1091; Atkinson v. J. R. Crowe Coal & Min. Co. 80 Kan. 161, 39 L.R.A. (N.S.) 31, 102 Pac. 50, 106 Pac. 1052, 18 Ann. Cas. 242; Burleigh v. Hecht, 22 S. D. 301, 117 N. W. 367; Kenny v. McKenzie, 25 S. D. 485, 49 L.R.A.(N.S.) 775, 127 N. W. 597; Haines's Appeal, 73 Pa.

169; North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530, 14 Mor. Min. Rep. 294; Chandler v. Graham, 123 Mich. 327, 82 N. W. 814; Stonecifer v. Yellow Jacket Silver Min. Co. 3 Nev. 38, 3 Mor. Min. Rep. 4; Meigs v. Willis, 66 How. Pr. 466; Newman v. Duane, 89 Cal. 597, 27 Pac. 66; Hughes v. Dunlap, 91 Cal. 385, 27 Pac. 642; Taylor v. Ford, 92 Cal. 419, 28 Pac. 441; Tabor v. Cook, 15 Mich. 322.

The rule is against splitting an indivisible cause of action, no matter under what pretext or what form of action, nor who are the parties or alleged parties to the various proceedings. Baird v. United States, 96 U. S. 430, 24 L. ed. 703; Pierro v. St. Paul & N. P. R. Co. 39 Minn. 451, 1 Am. St. Rep. 673, 40 N. W. 520; 1 Van Fleet, Former Adjudication, §§ 59, 70, 144, and 156; Dutton v. Shaw, 35 Mich. 431; 23 Cyc. 1174, note 85; Continental Ins. Co. v. H. M. Loud & Sons Lumber Co. 93 Mich. 139, 32 Am. St. Rep. 494, 53 N. W. 394; Dils v. Justice, 137 Ky. 822, 127 S. W. 472; Craig v. Broocks, — Tex. Civ. App. —, 127 S. W. 572; 1 Sutherland, Code Pl. & Pr. § 218; Reynolds v. Jones, 63 Ark. 259, 38 S. W. 151; Guernsey v. Carver, 8 Wend. 494, 24 Am. Dec. 60; Hughes v. Dundee Mortg. & Trust Invest. Co. 26 Fed. 831; Secor v. Sturgis, 16 N. Y. 554; Kennedy v. New York, 127 App. Div. 89, 111 N. Y. Supp. 61.

A judgment for a part of an entire indivisible demand, all of which is due when action is commenced, is an election to take the part in satisfaction of the whole, and estops the plaintiff from recovering the residue. Headnote 4 to Deweese v. Smith, 66 L.R.A. 971, 45 C. C. A. 408, 106 Fed. 438; South & North Ala. R. Co. v. Henlein, 56 Ala. 368; Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423; Cunningham v. Morris, 19 Ga. 583, 65 Am. Dec. 611; McDole v. McDole, 106 Ill. 452; Brannenburg v. Indianapolis, P. & C. R. Co. 13 Ind. 103, 74 Am. Dec. 250; Day v. Brenton, 102 Iowa, 482, 63 Am. St. Rep. 460, 71 N. W. 538; Madden v. Smith, 28 Kan. 798; Powell v. Weiler, 11 B. Mon. 186; Bennett v. Hood, 1 Allen, 47, 79 Am. Dec. 705; Milroy v. Spurr Mountain Iron Min. Co. 43 Mich. 231, 5 N. W. 287, 12 Mor. Min. Rep. 53; O'Brien v. Manwaring, 79 Minn. 86, 79 Am. St. Rep. 426, 81 N. W. 746; Taylor v. Heitz, 87 Mo. 660; Johnson v. Payne, 11 Neb. 269, 9 N. W. 81; Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Kline v. Stein, 46 Wash. 546, 123 Am. St. Rep. 940, 90 Pac. 1041;

Collins v. Gleason, 47 Wash. 69, 125 Am. St. Rep. 891, 91 Pac. 566; Guernsey v. Carver, 8 Wend. 492, 24 Am. Dec. 60; Ewing v. McNairy, 20 Ohio St. 315; Simes v. Zane, 24 Pa. 242; Morey v. King, 51 Vt. 383; Stone v. Pratt, 25 Ill. 25; Wichita & W. R. Co. v. Beebe, 39 Kan. 470, 18 Pac. 502; Pinney v. Barnes, 17 Conn. 420; Welles v. Rhodes, 59 Conn. 498, 22 Atl. 286; Pomeroy v. Prescott, 106 Me. 401, 138 Am. St. Rep. 347, 76 Atl. 898, 21 Ann. Cas. 574; Mallory v. Dawson Cotton Oil Co. 32 Tex. Civ. App. 294, 74 S. W. 953; Phillips v. Portsmouth, 112 Va. 164, 70 S. E. 502; Cornett v. Moore, 30 Ky. L. Rep. 280, 97 S. W. 380; Loomis v. Robinson, 76 Mo. 488; Coster v. New York & E. R. Co. 6 Duer, 46; German F. Ins. Co. v. Bullene, 51 Kan. 764, 33 Pac. 467; Lock v. Miller, 3 Stew. & P. (Ala.) 14; Franklin School Twp. v. Wiggins, 142 Iowa, 377, 120 N. W. 1032.

The prosecution to judgment of a portion of an indivisible cause of action is a bar to any action for any portion thereof, including all matters that could and should have been included in the first action. Smith v. Chicago, M. & St. P. R. Co. 83 Wis. 271, 50 N. W. 497, 53 N. W. 550; Craig v. Broocks, — Tex. Civ. App. —, 127 S. W. 572; O'Brien v. Manwaring, 79 Minn. 86, 79 Am. St. Rep. 426, 81 N. W. 746; L. Bucki & Son Co. v. Atlantic Lumber Co. 48 C. C. A. 455, 109 Fed. 411; Kennedy v. New York, 127 App. Div. 89, 111 N. Y. Supp. 61; Franklin School Twp. v. Wiggins, 142 Iowa, 377, 120 N. W. 1032.

Neither can such a cause of action be split by assignment, so as to permit more than one action to be brought thereon without full concurrence by the debtor. German F. Ins. Co. v. Bullene, 51 Kan. 764, 73 Pac. 467; Smith v. Jones, 15 Johns. 229; Willard v. Sperry, 16 Johns. 121; Marziou v. Pioche, 8 Cal. 536; Herriter v. Porter, 23 Cal. 385; Pueblo v. Dye, 44 Colo. 35, 96 Pac. 969; Chicago & N. W. R. Co. v. Nichols, 57 Ill. 464; Mandeville v. Welch, 5 Wheat. 277, 5 L. ed. 87; Thatch v. Metropole Ins. Co. 3 McCrary, 387, 11 Fed. 29; Day v. Brenton, 102 Iowa, 482, 63 Am. St. Rep. 460, 71 N. W. 538; Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423; Roby v. Eggers, 130 Ind. 415, 29 N. E. 365; Ingraham v. Hall, 11 Serg. & R. 78; Continental Ins. Co. v. H. M. Loud & Sons Lumber Co. 93 Mich. 139, 32 Am. St. Rep. 494, 53 N. W. 394; Thomas v. Rock Island Gold & S. Min. Co. 54 Cal. 578; St. Lawrence Boom & Mfg. Co. v. Price, 49 W. Va. 432,

38 S. E. 526; Phillips v. Portsmouth, 112 Va. 164, 70 S. E. 502; 2 Stone, Judgm. p. 1102, 23 Cyc. 443; 1 Am. & Eng. Enc. Law, 158.

A judgment in a prior action between the same parties, which involves the same subject-matter, renders *res judicata* every question which was directly or impliedly involved in the decision. Brown v. First Nat. Bank, 66 C. C. A. 293, 132 Fed. 450; Kline v. Stein, 46 Wash. 546, 123 Am. St. Rep. 940, 90 Pac. 1041.

It is the right of this defendant to but one single trial upon a single cause of action. Durango Land & Coal Co. v. Evans, 25 C. C. A. 523, 49 U. S. App. 305, 80 Fed. 425; Livingston v. Proseus, 2 Hill, 526; Chamberlain v. Taylor, 92 N. Y. 348; Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Comp. Laws 1913, §§ 9405, 9406.

All necessary parties shown by pleadings or proof must be brought in before the court can lawfully enter a decree or judgment. Shields v. Barrow, 17 How. 130, 15 L. ed. 158.

A defendant in possession cannot be ejected from land, the title quieted, and damages recovered from him, without ascertaining who the real owner is. Comp. Laws 1913, § 7639; Birney v. Warren, 28 Mont. 64, 72 Pac. 293; Gray v. Pike, 38 Mich. 650.

Possession of real property is notice to the world of the right and claims of the party in possession thereto. O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798; Niles v. Cooper, 98 Minn. 39, 13 L.R.A.(N.S.) 49, 107 N. W. 744; Garbutt v. Mayo, 128 Ga. 269, 13 L.R.A.(N.S.) 58, 57 S. E. 495; Notes in the two latter cases in 13 L.R.A.(N.S.) 49 to 140.

*Harold Harris* and *T. F. Murtha,* for respondents.

If appellant at any time was entitled to a jury trial, he waived such right by trial and submitting all his rights and defenses to the court without a jury, and by failing to demand a jury trial, and by demanding a new trial in the supreme court. Comp. Laws 1913, §§ 7608, 7637; 24 Cyc. 149, et seq. 154, 155, 158; Webster v. White, 8 S. D. 479, 66 N. W. 1145; Citizens' Gaslight Co. v. Wakefield, 161 Mass. 432, 31 L.R.A. 457, 37 N. E. 444.

But the claims and issues here involved were properly triable in a court of equity. Gescheidt v. Quirk, 66 How. Pr. 272; Gilroy v. Badger, 27 Misc. 640, 58 N. Y. Supp. 392; Comp. Laws 1913, § 9406; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Galbraith v. Payne, 12

N. D. 164, 96 N. W. 258; 39 Cyc. 1400, notes 35 and 37; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Cotton v. Butterfield, 14 N. D. 469, 105 N. W. 236; Suessenbach v. First Nat. Bank, 5 Dak. 477, 41 N. W. 662 (subdiv. 6 of syllabus).

It is a proper suit in equity and triable as such, and defendant cannot, by raising a legal issue in his answer, transform the suit into a legal action.  Gresens v. Martin, 27 N. D. 231, 145 N. W. 823; Preteca v. Maxwell Land Grant Co. 1 C. C. A. 607, 4 U. S. App. 326, 50 Fed. 674; Angus v. Craven, 132 Cal. 691, 64 Pac. 1091; Beamer v. Werner, 86 C. C. A. 289, 159 Fed. 99; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Comp. Laws 1913, §§ 5449, 5450, 7208; Hamilton v. Batlin, 8 Minn. 403, Gil. 359, 83 Am. Dec. 787; Lees v. Wetmore, 58 Iowa, 170, 12 N. W. 238; Pier v. Fond du Lac, 38 Wis. 470; Herron v. Knapp, S. & Co. 72 Wis. 553, 40 N. W. 149; Davenport v. Stephens, 95 Wis. 456, 70 N. W. 661; Kruczinski v. Neuendorf, 99 Wis. 264, 74 N. W. 974; Post v. Campbell, 110 Wis. 378, 85 N. W. 1032; Casgrain v. Hammond, 134 Mich. 419, 104 Am. St. Rep. 610, 96 N. W. 510.

The contract for the land had been rescinded by mutual consent. Christ v. Johnstone, 25 N. D. 6, 140 N. W. 678; Randall v. Johnstone, 25 N. D. 284, 141 N. W. 352.

A contract for real estate may be rescinded orally or by mutual consent.  Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Haugen v. Skjervheim, 13 N. D. 616, 102 N. W. 311; Comp. Laws 1913, §§ 5829 and 5830.

The breaking done on the land was done in bad faith, and no recovery can be had.  16 Cyc. 22 et seq.; Hunter v. Coe, 12 N. D. 505, 97 N. W. 869; 39 Cyc. 1402, note 65.

He did not plead a claim for improvements, and in the absence of such a plea is not entitled to recover for improvements.  Blackburn v. Lewis, 45 Or. 422, 77 Pac. 746.

There has been no "splitting" of a cause of action.  The parties named had each a separate cause of action.  Comp. Laws 1913, § 7466; Randall v. Johnstone, supra.

The question of the sufficiency of the complaint where the deficiency could have been made good by amendment cannot be raised for the first time in the supreme court.  First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213; Harshman v. Northern P. R. Co.

14 N. D. 69, 103 N. W. 412; Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690.

CHRISTIANSON, J.   This action was brought to cancel a contract constituting a cloud on the title of the plaintiffs to a half section of land, *viz.*, the north one half, sec. 11, twp. 138, range 106, in Golden Valley (formerly Billings) county, and to quiet title thereto in the plaintiffs. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiffs, for the use and benefit of the plaintiff Andrew Schmidt, for a cancelation of the contract; $679.75 damages for the use and occupation of said premises; and also quieting the title to said lands in plaintiffs.   Defendant appeals to this court, and demands a trial *de novo*.

The complaint herein contains not only the allegations required in a statutory action to quiet title, but sets forth the contract in full, and alleges that such contract was canceled and abrogated by the consent of the parties thereto, and that, after such cancelation, the defendant, for the purpose of encumbering and beclouding the title to the land and harassing the owners thereof, in defiance of the rights of such owners, and as part of a fraudulent scheme on the part of the defendant to procure the use of said lands, caused such contract to be recorded; that plaintiffs have been excluded from said lands since the spring of 1906 to the present time; and that the value of such use and occupation was $6,000.   The plaintiffs pray for judgment that the contract be canceled and adjudged null and void; and the defendant required to surrender the same to the plaintiffs; that title to the premises be quieted in plaintiffs, and that plaintiffs recover the value of the use and occupation of the premises.   The answer denies that the contract has been canceled or abrogated, and alleges that the same is in full force and effect; that the plaintiffs have no right to maintain the present action, for the reason that the plaintiff Golden Valley Land & Cattle Company heretofore elected to try and determine its alleged rights in and to said section of land by bringing and prosecuting to judgment two former actions for the recovery from the defendant of portions of said section of land, only, to wit, an action entitled, A. T. Christ et al., Plaintiffs v. John Johnstone et al., Defendants, for the southwest quarter; and an action entitled, Samuel Randall et al. v. John Johnstone et al., for the southeast

quarter of said section. Plaintiffs served a reply denying all the new matter alleged in the answer.

The material facts in the case are as follows: On January 15, 1906, the defendant, John Johnstone, then a resident of Sioux Falls, South Dakota, through one Murphy, a soliciting agent for the plaintiff Golden Valley Land & Cattle Company, entered into the following preliminary contract with said Golden Valley Land & Cattle Company, for the pur· chase of the lands involved in this action and other lands, to wit:

This agreement made and entered into this 15th day of January, 1906, by and between Golden Valley Land & Cattle Company, of Ramsey county, Minnesota, party of the first part, and John Johnstone, of Minnehaha county, South Dakota, party of the second part.

Witnesseth: That the said party of the first part in consideration of the covenants and agreements of said party of the second part, hereinafter contained, agrees to sell and convey unto the said party of the second part or his assigns, by warranty deed, upon the prompt and full performance of said party of the second part of this agreement, the following described premises situate in the county of Billings, in the state of North Dakota, to wit:

All of section eleven (11), township one hundred and thirty-eight (138), range one hundred and six (106), containing six hundred and forty acres (640), more or less, according to the government survey thereof. And the said party of the second part in consideration of the premises hereby agrees to pay said party of the first part as and for the purchase price of said premises, the sum of eight thousand dollars ($8,–000) on the following terms: The party of the second part agrees to convey by warranty deed free of encumbrance, the following property situated in the city of Sioux Falls, South Dakota:

Lot thirteen (13) block fifty-one (51), Gales sixth addition to the city of Sioux Falls; lot one (1), block six (6), Summit addition to the city of Sioux Falls:

Consideration forty-two hundred dollars ($4,200).

The party of the second part further agrees to deed his property to first party when first party delivers to second party contracts covering above described land as follows: One contract covering the E. half of section eleven (11), township one hundred thirty-eight (138), range

one hundred and six (106), showing a balance due of one thousand three hundred dollars ($1,300), payable on or before four (4) years with 6 per cent interest; and one contract covering the W. one half of section eleven (11), township one hundred and six (106), showing a balance due of twenty-five hundred dollars ($2,500), payable in five (5) annual payments and drawing 6 per cent interest.

Provided, however, that in case the party of the second part is unable to secure two or three homesteads in the immediate vicinity of the above described land, then and in that case the party of the second part is to have the privilege of selecting land of equal value similarly located containing the same number of acres, at the same price, or at such price as may be agreed upon by both parties to this agreement.

Party of the second part agrees to pay all taxes that may hereafter become due upon said premises. But should default be made in the payment of said several sums of money or any or either of them or any part thereof, or in the payment of interest or taxes or any part thereof, or in any of the covenants herein to be by said party of the second part kept or performed, then this agreement to be void, at the election of the said party of the first part, time being of the essence of this agreement.

It is hereby agreed that any moneys heretofore paid on this contract shall be treated as settled damages for breach thereof, and that under such default said party of the first part is to have possession of said premises. The conditions of this contract shall bind the heirs, executors, administrators, and assigns of each party hereto.

In witness whereof, said parties have hereunto respectively set their hands and seals the day and year first above written. Papers to be exchanged on or before April 1st, 1906.

Golden Valley Land & Cattle Company,

D. J. McMahon, Sec.

John Johnstone
Hance Murphy, Witness.

On the 7th day of June, 1907, the defendant, Johnstone, acknowledged the execution of the contract, and on June 8th, 1907, caused the same to be recorded in the office of the register of deeds of Billings county. It will be observed that the contract is almost identical in terms with that construed by this court in the case of Golden Valley Land &

Cattle Co. v. Johnstone, 25 N. D. 148, 151, 141 N. W. 76, but covers a different section of land. The plaintiffs claim that the contract involved in this action was afterwards abrogated by the mutual agreement of the parties, and the contract involved in Golden Valley Land & Cattle Co. v. Johnstone, 25 N. D. 148, 141 N. W. 76, substituted in lieu thereof. This is denied by the defendant, who claims that he purchased both sections. It is somewhat difficult to see how the latter contention can seriously be made in view of the fact that both contracts call for a conveyance by Johnstone of the same Sioux Falls, South Dakota, real estate. It is undisputed that the defendant has never conveyed the real estate, or paid one cent on either contract.

In January, 1906, and for more than eight years prior thereto, the plaintiff Northwestern Improvement Company was the owner in fee simple of the land involved in this law suit; and on April 27, 1906, the Northwestern Improvement Company conveyed title by warranty deed to the plaintiff Missouri Slope Land & Investment Company. On May 5, 1909, The Missouri Slope Land & Investment Company conveyed title by warranty deed to the plaintiff Golden Valley Land & Cattle Company. On January 2, 1909, the Golden Valley Land & Cattle Company conveyed title by warranty deed to the plaintiff J. S. Brawford. On January 19, 1909, the plaintiff Brawford and his wife conveyed title by warranty deed to the plaintiff Stondall Land & Investment Company. On January 16, 1908, the Stondall Land & Investment Company entered into a contract with the plaintiff Andrew Schmidt, whereby they agreed to sell and conevy said land to him upon certain terms and conditions, which he has kept and performed. Under the terms of this contract, Schmidt is the equitable owner of the premises. On April 5, 1906, and prior thereto, the plaintiff Golden Valley Land & Cattle Company held a contract to purchase said premises; and on the 5th day of April, 1906, it sold the premises by a written contract to the said J. S. Brawford, and afterwards on December 2, 1907, J. S. Brawford sold the premises by written contract of sale to the said Stondall Land & Investment Company. So, as a matter of fact, the Golden Valley Land & Cattle Company parted with any title which it had on April 5, 1906, and the title which it subsequently held was merely in trust for its subsequent grantee. The only interest which the plaintiff asserts to these premises is under the

contract dated January 15, 1906. It will be observed that this contract covers the whole of section 11. The Golden Valley Land & Cattle Company sold the southwest quarter of said section 11 to another party, with the result that title was finally vested in A. T. Christ, who brought an action to quiet title against the defendant and his wife, which resulted in a judgment in plaintiff's favor, which was affirmed by this court in the case of Christ v. Johnstone, 25 N. D. 6, 140 N. W. 678. The southeast quarter of section 11 was also sold, and title eventually vested in Samuel Randall, who brought an action to quiet title and obtain possession thereof, which also resulted in a judgment adverse to the defendant in this case. The decision in the Randall Case was also affirmed by this court. See Randall v. Johnstone, 25 N. D. 284, 141 N. W. 352. The issues of fact presented in this case are identical with those which existed in the two cases last referred to, and in view of the fact that the contract under which defendant claims has in two different decisions been held to be abrogated and canceled, it seems that the defendant has considerable audacity to again come into court and assert rights thereunder. In fact, in the case of Christ v. Johnstone, supra, the defendant did not question the propriety of the findings of the court canceling the contract, but only attacked that part of the judgment awarding damages against him for the use and occupation. In the case of Randall v. Johnstone, he urged that the plaintiff ought not to recover because it had elected to split its cause of action. And in this case the defendant asks this court to overrule Randall v. Johnstone, and decree to the defendant a half section of land for which he has not paid one cent, and which he has for years wrongfully withheld from the lawful owners. Appellant's counsel asserts that the decision of this court in the case of Randall v. Johnstone is unsound and should be overruled. We are unable to agree with appellant's counsel, and are all agreed that the doctrine promulgated in that case is sound and should be adhered to. Appellant's counsel has cited a number of authorities on the proposition of law relative to splitting causes of action. We have no doubt that the authorities cited are good law when applied in a proper case. But they have no application in this case. The fact that one wrongful act may affect a number of persons does not necessarily require all persons affected to assert their rights in one

action, and that is the doctrine for which appellant's counsel contends. "If two or more persons sustain injuries by the same wrong, a distinct right of action accrues to each, and separate actions may be maintained by them." 23 Cyc. 449, 1 C. J. 1118.

In the case of Christ v. Johnstone, Christ was the real party in interest, and brought an action to quiet title to the tract of land which he owned. Christ had no interest in any other portion of section 11, except the southwest quarter thereof. The same identical condition existed with reference to the action brought by Randall to quiet title to the southeast quarter. Neither Christ nor Randall was interested in the north half of section 11, but the equitable owner of this portion of the section was Andrew Schmidt, the use plaintiff in this action. At the time Johnstone filed his contract, the Golden Valley Land & Cattle Company had already conveyed its interest in the premises involved in this action by contract of purchase to Brawford, and it never subsequently obtained title except as a trustee for the equitable owner. When Johnstone recorded his contract he caused a cloud to be placed against the title of all four quarters embraced in the section, then owned by three different parties. The trial court found that Schmidt was not in any manner a party to either the Christ Case or the Randall Case, and this finding is clearly correct. It would certainly be a peculiar doctrine to hold that the rights of Schmidt to maintain an action to remove the cloud of the contract upon the title of his land is barred because Christ and Randall, at a prior time, have caused the titles to their own land to be quieted, as against the cloud placed thereon by the same wrongful act of the defendant. And we venture to say that it is almost unheard of for a defendant to come into a court of equity and urge that he has some rights by reason of his own wrongful conduct under a contract which has twice been adjudicated to be of no validity. We have no hesitancy in adhering to the doctrine laid down by this court in Randall v. Johnstone. The same is not only sound from a legal standpoint, but is founded upon primary principles of justice and equity.

Before any proceedings were had in the action, defendant's counsel asked that the legal issues be tried to a jury, although no specification was made of what the specific issues were. And one of the errors assigned on this appeal is that defendant was denied a trial by jury

in violation of his constitutional rights. The only contention now made by the defendant is that, as the plaintiff asked for judgment for the value of the use and occupation of the premises, and as the trial court heard evidence and determined the value thereof, that this issue should have been submitted to a jury. The undisputed evidence, however, shows that the improvements were all made after the trial of the Christ and Randall Cases. Hence, it is self-evident that the defendant did not make the improvements in good faith, and the trial court found that the improvements were made in bad faith, and that the defendant was not entitled to recover therefor.

It is not contended that the amount of damages assessed by the trial judge for the use and occupation of the premises is excessive; and we are satisfied that the trial judge was eminently just and fair with the defendant in assessing such damages, and allowed the defendant credit for all the improvements made on the premises, for which defendant was entitled to credit.

This action was brought to cancel a contract, and to remove the cloud caused by the recording thereof; also to quiet title to the premises in the plaintiff. This relief can be obtained only in equity, and the action is clearly equitable. O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; Hamilton v. Batlin, 8 Minn. 403, Gil. 359, 83 Am. Dec. 787; Angus v. Craven, 132 Cal. 691, 64 Pac. 1091; Beamer v. Werner, 86 C. C. A. 289, 159 Fed. 99; Post v. Campbell, 110 Wis. 378, 85 N. W. 1032. See also Gresens v. Martin, 27 N. D. 231, 145 N. W. 823. The mere fact that, as a result of the determination of the equitable issues, plaintiffs may or do become entitled to a money judgment, does not necessarily change it into an action at law. Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410. The principal relief asked and awarded in this action was equitable. The damages for the use and occupation of the premises were merely incidental to and wholly dependent upon a determination of the equitable issues. It is well settled that a court of equity, having once obtained jurisdiction, will retain it, and do complete justice between the parties. Bidwell v. Aster Met. Ins. Co. 16 N. Y. 267; Pom. Eq. Jur. 3d ed. § 862; 16 Cyc. 106, 109. See also Beach, Eq. Jur. §§ 538, 727, 994, 996. In this case it would have been an idle ceremony to call a jury to determine the value of the use and occupation, as there is no substantial conflict

31 N. D.—5.

in the evidence on this question; and the trial court would doubtless have been required to instruct the jury to return a verdict for the plaintiff for at least the amount of damages awarded in the judgment herein. No error was committed in denying defendant's demand for a jury trial.

This action was originally commenced in the district court of Billings county, wherein the land was then situated, but subsequently to the commencement of the action, and after the same had been noticed for trial and placed upon the calendar for trial in the district court of Billings county, that county was divided at the general election held in November, 1912, and Golden Valley county created out of a portion thereof. The premises involved in this action were situated in that part of Billings county which became Golden Valley county. On January 14, 1913, the attorneys for the respective parties entered into a written stipulation for a transfer of said action from the district court of Billings county to the district court of Golden Valley county, and on the same day an order was duly entered by the district court pursuant to such stipulation, transferring said action and directing the clerk of the district court of Billings county to transmit all the pleadings, files, and papers therein to the clerk of the district court of Golden Valley county.

On the 15th day of July, 1913, defendant's attorneys filed written objections to the trial of said action at that term on the following grounds: "1. That no notice of trial or note of issue in this action has been served or filed in the district court for said Golden Valley county. 2. That on the opening day of said July, 1913, term of said district court, this action was not at issue in said district court for Golden Valley county, wherefore upon the foregoing grounds defendant objects to said action being placed on the calendar and tried at said July, 1913, term." The objections were overruled and the cause set for trial and tried on July 29th, 1913. The trial court's ruling on this objection is also assigned as error. The correctness of this ruling seems too obvious to require any extended discussion. But see § 3230, Compiled Laws; 40 Cyc. 176, et seq.

All questions presented on this appeal have been considered; and it follows from what has been said that the judgment of the District Court must be affirmed. It is so ordered.