(87 N. W. Rep. 597.)

---

FLORA R. DOUGLAS vs. RICHARD O. RICHARDS et al.

Opinion filed Oct. 17, 1901.

Appeal—Review—Statement of Case—Retrial of Particular Facts.

This appeal involves the validity of certain taxes charged on the tax list of Cass county against the plaintiff's land in the year 1896, and the validity of a sale made for such taxes in 1897. Plaintiff caused a statement of the case to be settled which embodied all the evidence relating to the validity of said taxes and tax sale, and which also contained a statement to the effect that the appellant desired a retrial in this court of certain questions, seven in number, which the statement denominates "questions of fact." Said questions are set out at length in the opinion. The first and second of said questions are as follows: "(1) Were the town taxes of the town of Raymond legally levied? (2) Were the taxes of school district No. 23 of the town of Raymond legally levied?" Except question 5, which is considered

separately in the opinion, the remaining questions set out in the statement are of similar import to Nos. 1 and 2, above quoted. *Held,* that none of said questions, except No. 5, embody a request to retry any particular fact; the same, and each of them, except No. 5, omitting to specify any fact to be tried in this court as required by § 5630, Rev. Codes 1899. ,

**Question Retried.**

Accordingly, *held,* that this court, except as to question No. 5, will not enter upon a retrial of any issue of fact in this case, nor will the court consider or determine any question of law either depending upon the facts or arising upon the evidence embodied in the statement.

**Judgment Affirmed.**

No findings of the trial court, either of law or of fact, are found in the record transmitted to this court, and no error is assigned or predicated upon the findings of the court below. *Held,* that the judgment must be affirmed.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Flora R. Douglas against Richard O. Richards and others. From a part of the judgment, plaintiff appeals. Affirmed.

*J. E. Robinson,* for appellant.

The sales for the year 1896 were not authorized by law. They were under the revenue law of 1897, which contemplates sales only for taxes levied under that law. § 74, Ch. 126, Laws 1897. Section 77 gives the form of a certificate to be issued, and the sale of the land for taxes, and the former recites that the land was sold for taxes. A certificate of sale, to be valid, must show on its face that the land was sold for delinquent taxes. *Sheehy* v. *Hinds,* 27 Minn. 259, 6 N. W. Rep. 781; *Sherburn* v. *Ritt,* 35 Minn. 540, 29 N. W. Rep. 322;; *Gilfillan* v. *Chatterton,* 38 Minn. 335, 35 N. W. Rep. 583. The revenue law of 1897 was enacted before the taxes for the year 1896 became delinquent, and expressly repealed those sections of the Revised Codes which provide for the sale of delinquent taxes, and which fixed the time when the tax should become delinquent. *Wells Co.* v. *McHenry,* 7 N. D. 246-267. If the law did authorize a sale, yet the sales were void because they were not made under the direction of the board of county commissioners, and because the notice of sale was not published in a newspaper designated by the county commissioners. *Russell* v. *Gilson,* 36 Minn. 366, 31 N. W. Rep. 692; *Cass Co.* v. *Security Imp. Co.,* 7 N. D. 528. The sales were void because there was no levy of school district taxes. § 101, Ch. 62, Laws of 1890; § 21, Ch. 56, Laws 1891; § 721, Rev. Codes. The state tax levy was void because the state board of equalization had no power to levy the same. *Willis* v. *Austin,* 53 Cal. 178; *Parker* v. *Rowe,* 54 Cal. 235; *Houghton* v. *Austin,* 46 Cal. 648. The sale is void because made for an excessive, illegal and unauthorized tax. *Case* v. *Dean,* 16 Mich. 12; *Treadwell* v. *Peterson,* 51 Cal. 637; *Harper* v. *Rowe,* 53 Cal. 152; *Kimball* v. *Ballard,* 19 Wis. 634; *Barden* v. *Supervisors,* 33 Wis. 447; *Barber* v. *Supervisors,* 39 Wis. 447; Cooley on Taxation (2 Ed.) 497. The date when the taxes of

1896 should have become delinquent was fixed by § 1238, Rev. Codes, as the first day of June after the tax became due. That section was expressly repealed by § 110, Revenue Law, 1897. *Mc-Henry v. Wells Co.*, 7 N. D. 246-267. If the taxes are valid, their validity must be made to appear by common law proof. The burden is upon the purchaser. *O'Neil v. Tyler*, 3 N. D. 47. The state tax levy has not been legalized by Ch. 159, Laws 1901. *Dever v. Cornwall*, 10 N. D. 123, 86 N. W. Rep. 229.

*Newton & Smith*, for respondents.

This case is appealed under § 5630, Rev. Codes, but there are no questions of fact sufficiently specified to secure a review in this court. *Douglas v. Glazier*, 9 N. D. 615, 84 N. W. Rep. 552; *Ricks v. Bergsvendsen*, 8 N. D. 578, 80 N. W. Rep. 769; *Hayes v. Taylor*, 9 N. D. 92, 81 N. W. Rep. 49. Section 74, Ch. 126, Laws of 1897, does not justify the contention that all provisions relating to the taxes of 1896 are repealed. Section 74 is general, and clearly relates to all taxes. *State v Moorehouse*, 5 N. D. 406, 67 N. W. Rep. 140 The act of 1897 did not wipe out, remit or destroy the taxes levied prior to the date of its passage. Such taxes continued thereafter, and still continue and survive as taxes, and they are a lien upon the real property upon which assessed. § 1239, Rev. Codes; *Gardenhire v. Mitchell*, 21 Kans. 83; *State v. Savings Bank*, 68 Me. 515. The fact that the twenty cent fee authorized by § 74, page 284, Laws 1887, to be added to each description when advertised, was added as a penalty, does not destroy the publication. The mere fact of designating by a wrong name an imposition authorized by statute will not destroy the sale. *Drennan v. Beierlein*, 13 N. W. Rep. 587.

WALLIN, C. J. This action is brought to quiet title in the plaintiff to the real estate described in the complaint, situated in the county of Cass. It is conceded that plaintiff is the fee-simple owner of the lands. The lands were sold in 1897 for certain taxes charged against them on the tax list of 1896. Tax certificates were issued pursuant to said tax sales, and the same are now owned by the three defendants last named in the title of this action. The trial court adjudged, among other things, that the taxes of 1896, as charged against said lands on the tax list of Cass county, were legal and valid taxes, and that the sales for said taxes were regular, and that said tax certificates were in all respects regular and valid. Plaintiff has appealed to this court from a part of said judgment only, viz. that part of the same which sustains said taxes of 1896 and said tax sales and certificates.

Appellant caused a statement of the case to be settled which embodies all the evidence offered at the trial relating to said taxes of 1896 and the sales for said taxes made in 1897; but said statement does not purport to contain all the evidence offered at the trial, nor does it contain any request for this court to retry the entire case.

As to the question to be retried in this court the statement embraces the following requests and no others: "And the appellant desires the Supreme Court to review each and every question of fact and of law which in any way or manner pertains to the tax of 1896 and the sale of said land for the taxes of that year, and to retry the entire case so far as it pertains to the taxes and tax sales for the year 1896." The plaintiff and appellant requests the Supreme Court to review the following questions of fact concerning the tax of 1896: "(1) Were the town taxes of the town of Raymond legally levied? (2) Were the taxes of school district No. 23 of the town of Raymond legally levied? (3) Was there a legal levy of the school-district tax, the town tax, and the road tax charged against said quarter section in the town of Berlin; that is, in town 141 of range 50? (4) Was there a legal levy of the state taxes? (5) Was the said land sold for the taxes of the year 1896 under the direction of the board of county commissioners of Cass county, and was the notice of sale published in a newspaper designated by a resolution of the board of county commissioners of Cass county, and was there in Cass county, in the year 1897, any newspaper called the 'Fargo Argus'? (6) Did the law authorize a sale of said land or of any land for the taxes of the year 1896, and was the sale of said land for the taxes of the year 1896 legal and valid? Was the sale made for a valid tax? (7) And the appellant desires the Supreme Court to review every finding of fact made by the trial court which in any way pertains to the tax of the year 1896, and the sale of said land for such taxes, and to review each and every other question of fact and of law which in any way pertains to the validity of said taxes, and to the validity of the sale of said land for the taxes of the year 1896, and to retry every question of fact and of law which in any way pertain to such tax or to such tax sale. And appellant demands that said tax and tax sale be declared and adjudged to be void."

It is the contention of counsel for the respondents that each and all of the foregoing requests embody a demand for the determination of a question of law, and only a question of law, and that none of the same call for the determination of any question of fact. With respect to this contention of counsel this court finds little difficulty in reaching the conclusion (except as to question numbered 5 in the list, which will be separately considered) that the contention is sound and must be sustained. Each and all of the questions in the list, except that numbered 5, in our opinion, are obnoxious to one and the same criticism, i. e. they each and all call for the determination of a question of law. We think the correctness of this view as to the nature of the several questions asked will be made clear by a brief consideration of question numbered 1 of said list. Question numbered 1 is as follows: "Were the town taxes of the town of Raymond legally levied?" We think it is too clear for

discussion that no intelligent answer can be given to this question, obviously one of pure law, until certain facts are developed, and found to exist or not to exist. Whether any tax charged on the tax list of 1896 has been legally levied or assessed can be ascertained only by an inquiry as to what acts have been done and what acts have been omitted to be done by the official or officials clothed with authority to assess or levy the tax. From the nature of the law question to be detremined, a preliminary inquiry as to official acts done or omitted becomes indispensable as a basis of decision. Again reverting to the language of question No. 1, we discover that the same does not in any way call upon this court to inquire or determine whether the officials of the town of Raymond have acted or attempted to act, or omitted action, in or about the matter of levying the tax in question. Much less does the question attempt to "specify" any particular act or omission of said officials with respect to such tax, and call upon this court to determine the same. On the contrary, no question of fact whatever is either asked or suggested by said question. This court in deciding cases only too frequently has had occasion to iterate and reiterate the declaration that it derives its authority to try issues of fact anew from the statute now embraced in § 5630 of the Revised Codes of 1899, and that this court is without authority to retry questions of fact, and will not do so in any case where the appellant fails to conform substantially to the requirements of said statute. Among the more recent deliverances of this court upon this matter are those found in the following cases: *Douglas* v. *Glazier,* 9 N. D. 615, 84 N. W. Rep. 552; *Security Imp. Co.* v. *Cass Co.,* 9 N. D. 553, 84 N. W. Rep. 447,—both of which are much in point as to both fact and law, and very instructive upon the matter of practice we are here discussing. It seems superfluous to add that § 5630 declares that the party desiring to appeal in this class of cases should cause a statement of the case to be settled, "and shall specify therein the questions of fact that he desires the Supreme Court to review and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court." Tested by this statute, it is clear and obvious that question No. 1 of appellant's list of questions signally fails of meeting the requirements of the enactment.

We regard it as being unnecessary to separately discuss any matters arising under either questions 2, 3, or 4 of said list of questions. Every criticism which has been offered in discussing question No. 1 applies with equal force to Nos. 2, 3, and 4 of the list. Considering questions 2, 3, and 4 together, we are requested thereby to determine no state of facts and no single fact whatever as to the school-district taxes in the town of Raymond or in the town of Berlin, or as to the town or road taxes of the town of Berlin, or as to the state taxes. On the contrary, we are requested to determine, as a naked law question, whether in 1896 taxes were legally levied either by the state or by the minor political subdivisions named in questions 2, 3, and 4. It is manifest that this court can-

not, under the law, proceed to answer any of these questions of law in the absence of any facts upon which their answer must depend.

Question numbered 7 presents a conglomeration of vague and general questions concerning both law and fact, and appertaining both to the validity of the taxes of 1896 and the sale made therefor in 1897, and this without specifying a single question of fact for this court to consider or determine. By question No. 7 we are requested "to retry every question of fact and of law which in any way pertains to such tax or to such tax sale." But, to comply with this sweeping request, we should be compelled to inquire into and ascertain generally what questions of fact and what questions of law do "in any way pertain" either to the validity of the taxes or the tax sale under consideration; and, after this preliminary investigation, we should be compelled to take up the particular facts involved in this case, and which are developed by the testimony in the record. But such inquiries are out of the question in a case like this, in which a retrial of certain facts only is sought. In such cases, as has been seen, it is incumbent upon the appellant to "specify the questions of fact that he desires the Supreme Court to review," and, if none are specified, then the mandate of the statute is that the facts are deemed "to have been properly decided by the trial court."

Question No. 6 of the list embraces several inquiries. The first is as follows: "Did the law authorize a sale of said lands or of any land for the taxes of 1896? This is clearly a legal question, pure and simple, and as such does not embody a specification of any question of fact to be tried anew in this court. The rest of question No. 6 involves two questions, viz. whether the tax in question was a valid tax, and whether the sale for such taxes was a valid sale. As has been seen, these questions are naked questions of law, and their proper answer would depend upon the existence or nonexistence of specific facts, none of which are called to our attention by any question in the statement of the case.

Turning to question No. 5 in the above-quoted list of questions, we find that the same embraces three questions of fact, viz. (1) Was the land sold for the taxes of the year 1896 under the direction of the board of county commissioners of Cass county? (2) Was the notice of sale published in a newspaper designated by a resolution of the board of county commissioners of Cass county? (3) Was there in Cass county in the year 1897 any newspaper called the "Fargo Argus"? Evidence upon all of these questions, in the form of a stipulation, was introduced at the trial, and we have carefully considered the same, and our conclusion is, from the evidence, that each of the questions in No. 5, and above set out, must be answered in the affirmative; and we reach the further conclusion of fact and of law that the notice of the tax sale in Cass county for the year 1897 was regularly published pursuant to the provisions of § 74 of Ch. 126 of the Session Laws of 1897.

Briefly recapitulating what has been said, it appears that the statement of the case embraces no specifications of any fact or state

of facts to be tried anew in this court touching the validity of the tax of 1896, or the sale therefor in 1897, save only the matters of fact found in No. 5 of the list of inquiries contained in the statement, and as to such matters of fact in No. 5 we find no irregularity which would affect the validity of the tax sale in question. It follows, of course, that, with the exception of matters contained in question No. 5, this court finds itself without authority to enter upon a retrial of any of the questions of fact appertaining to the issues which counsel for the appellant has called our attention to in his brief. No attempt has been made by the appellant's counsel to assign errors as required by rule 12 of the rules of this court (74 N. W. Rep. viii.) ; nor does counsel for the appellant, in his brief or otherwise, predicate error arising upon the findings of the court below or upon the judgment roll proper. The omission of counsel to call attention to the findings of the trial court is not surprising, in view of the fact that no findings whatever, either of fact or of law, can be found in the record transmitted to this court. We do find among the papers sent here a document denominated "Decision," which bears the signature of the presiding judge. This paper shows on its face that the trial court had reached certain general conclusions upon some of the facts and some features of the law of the case, but the same does not purport to embrace the findings, but, on the contrary, directs, in terms, that counsel for the plaintiff should draw his findings of fact and law, and serve a copy thereof upon counsel for the defendants, and further directs, in terms, that the findings in the case would be settled by the court at a future date stated in the decision. Whether findings on either side were ever submitted by counsel, as required in this decision, does not appear. The absence of findings in this case is peculiarly unfortunate. The evidence offered at the trial upon the issues presented to this court is brief and entirely uncontroverted. It points to certain definite conclusions of fact, and none other can be drawn from the evidence. Had findings of fact been properly drawn, no attempt to dispute them would have been legally possible, and there would in that case have been no occasion whatever to settle a statement of the case embracing the evidence, or a demand for a retrial of questions of fact in this court. Had findings, which the statute requires to be made in actions tried to the court, been properly framed and filed and preserved in the record, the case could and would have been heard and disposed of upon statutory judgment roll, and no statement would have been necessary. As the case stands, the facts which give rise to the legal issues are not contained in the record; nor can the facts be retried, and thus be brought upon the record .

Our conclusion is that the judgment must be affirmed, and the costs in this court will be awarded to the respondents. All the judges concurring.