CHRIST and the Golden Valley Land & Cattle Company, for the Use and Benefit of said A. T. Christ, and John Weber and Mary Weber, His Wife, for the Use and Benefit of said A. T. Christ, v. JOHN JOHNSTONE and Carrie Johnstone, by J. A. Miller, her Guardian *ad Litem.*

(140 N. W. 678.)

**Appeals — findings of fact — trial court — judgment — retrial — conclusions of law.**

1. Section 7229, Rev. Codes 1905, commonly known as the Newman act, is not in itself a complete enactment upon appeals, but is an incident of the general appeal law covered by chapter 15 of the 1905 Revised Codes. Its provisions apply to equity cases tried by the jury, wherein the appellant desires the supreme court to retry some or all of the issues of fact. If appellant is satisfied with the findings of fact made by the trial court, but appeals from the judgment entered thereon, he has a right to such appeal without demanding a retrial of any issue of fact. In such appeal this court will assume that all questions of fact have been properly decided by the trial court, and will only determine whether or not the judgment entered and the conclusions of law announced are supported by the findings of fact. The appeal in such a case is governed by all of the sections of said chapter 15, including § 7205, and may be from the whole or any part of such judgment.

**Personal judgment — use plaintiff — nominal plaintiff — use and occupation.**

2. The trial court found among other things, that the nominal plaintiff herein should recover a personal judgment against the defendants for the use of certain lands for certain enumerated years. Under the findings of fact such nominal plaintiff is entitled to no judgment excepting as might be obtained by the use plaintiff had the action been brought in the name of the said use plaintiff. As it is undisputed that the use plaintiff was not the owner of the land during four of the years in question, and had received no assignment of the cause of action, said use plaintiff was not entitled to judgment for the use of the lands for these years, and the nominal plaintiff was not entitled to the judgment entered. Judgment reduced in accordance with the facts stated in the opinion.

Opinion filed March 7, 1913. Rehearing denied March 18, 1913.

Appeal from the District Court for Billings County; *Nuchols,* J. Modified.

*Heffron & Baird* and *J. A. Miller,* for appellants.

A person owning real estate cannot recover for trespass or injury to, or for the use and occupation of, such real estate, for a time prior to acquiring title. Sibbald's Estate, 18 Pa. 249; Schuylkill & S. Nav. Co. v. Decker, 2 Watts, 343; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; Masterson v. Hagan, 17 B. Mon. 328; 3 Sutherland, Damages, § 992, p. 2923.

*Purcell & Divet* and *T. F. Murtha,* for respondents.

This cause was properly tried as an action in equity. The appeal should be dismissed, because it is from only a part of the judgment. Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Tronsrud v. Farm Land & Finance Co. 18 N. D. 417, 121 N. W. 68.

BURKE, J. This action was brought to quiet title to a quarter section of land in Billings county. The trial was had by the district court without a jury, under § 7229, Rev. Codes 1905, and findings of fact and conclusions of law favorable to the plaintiff were made and filed. Within the proper time the defendant served and filed the following notice of appeal: "Please take notice that the defendants hereby appeal to the supreme court of the state of North Dakota from that portion of the judgment in this action . . . which orders, adjudges and decrees that plaintiff have and recover from the defendant John Johnstone the sum of $625 as the value of the use and occupation of the land in controversy in this action." Respondents move to dismiss this appeal upon the ground that it is an appeal from a part only of a judgment.

(1) In support of this motion we are cited to Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468; Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300; Nichols & S. Co. v. Stangler, 7 N. D. 102, 72 N. W. 1089; Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Crane v. Odegard, 11 N. D. 342, 91 N. W. 962; and Tronsrud v. Farm Land & Finance Co. 18 N. D. 417, 121 N. W. 68; but a careful examination of these cases does not bear out respondents' contention. It will be noted that chapter 15 of the Code of Civil Procedure, beginning with § 7202 and ending with § 7231, governs appeals to the supreme court in civil actions generally. Section 7229 is but a subdivision of said chapter 15, and not a complete enactment in itself. This is apparent from an examination of said

section, which contains in itself no provisions regarding the undertaking on appeal, justification of the sureties, time for appeal, transmission of papers, stay of execution, or other equally important matters which are found elsewhere in said chapter 15. The said § 7229, which has become known as the Newman act, is an incident to our general appeal law, applicable when the appellant desires to have the supreme court retry some question of fact in an equity action. The following extract from said section shows its general import: "In all actions tried by the district court without a jury, in which an issue of fact has been joined, . . . all the evidence offered on the trial shall be received. . . . A party desiring to appeal from a judgment in any such action shall cause a statement of the case to be settled, . . . and shall specify therein the questions of fact that he desires the supreme court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the court, . . . but if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement, . . . the supreme court shall try anew the question of fact specified in the statement or in the entire case if the appellant demands a retrial in the entire case, and shall finally dispose of the same whenever justice can be done without a new trial. . . ." This section has been amended several times since its first enactment, and the earlier cases must be read in connection with the law as it existed at the time when they were written. When so read, we find nothing in the cases already cited inconsistent with the decision which we have reached in this case. While the language of the earlier cases mentioned might lead to the conclusion that an appeal may not be taken from a part of a judgment under such Newman act, we think the real holding in the matter is best expressed by Judge Young in the opinion on rehearing in the case of Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, wherein he says: "The question whether an appeal may or may not be taken from a part of a judgment is not involved. . . . It will be time enough to settle this question for this jurisdiction when it is directly involved. The question which is decisive of this appeal is not whether an appeal may be taken from a part of a judgment, but is whether a retrial can be had in this court upon such an appeal. The right of appeal is one thing and the right of retrial on the merits is

another and wholly different matter. To determine whether the right of appeal exists in any case, we must look to the statute authorizing appeals, and to ascertain whether a right of retrial in this court exists we must look to the statute authorizing retrials." From this language it will be seen that the so-called Newman act deals only with *retrials* in this court, and its relation to appeals generally is incidental. A party who has tried his case under the Newman act may be satisfied with the findings of the trial court, and therefore not desire a trial anew in this court. Under those circumstances it cannot be seriously urged that he must demand and submit to a new trial that he does not desire, in order to have some intermediate order of the trial court reviewed, or to test the correctness of the judgment entered upon such finding. In such a case he appeals under the general provisions of said chapter 15. Said appeal is governed by the provisions of § 7205, which contains the following provision: "An appeal must be taken by serving a notice in writing . . . stating . . . whether the appeal is from the whole or a part thereof, and, if from a part only, specifying the part appealed from. . . ." In the case at bar appellant has specified that his appeal is from that portion of the judgment which requires him to pay $625. Every question of fact found by the trial court must be assumed to have been correctly tried, and this court will therefore examine the judgment only to ascertain whether or not the findings of fact justified the entry of that portion of the judgment requiring the payment of said sum. We believe that the following-named cases are more nearly in point than those cited by the respondent in support of his motion. See Edmonson v. White, 8 N. D. 72, 76 N. W. 986, where there was a defective statement of the case, wherein this court said: "The appellants contend finally that the conclusions of law are not justified by the facts found by the trial court. . . . These facts, which cannot be reviewed upon this record, manifestly justified the trial court in concluding that the land is not subject to seizure and sale on final process." In National Cash Register Co. v. Wilson, 9 N. D. 112, 81 N. W. 285, wherein there was no statement of the case presented to this court, it is said: "Under these conditions our authority to re-examine is confined to such intermediate orders or determinations of the trial court as involve the merits and necessarily affect the judgment, and appear upon the face of the record transmitted

to this court. . . . Turning to the judgment roll we find it embraces the complaint, an answer, and a demurrer to one of the defenses set up in the answer, an order sustaining the demurrer, order for judgment, and judgment. The record then presents for review the correctness of the order sustaining the demurrer, and that question only." Similar rulings are found in the Security Improv. Co. v. Cass County, 9 N. D. 553, 84 N. W. 477; State ex rel. McGlory v. McGruer, 9 N. D. 566, 84 N. W. 363; Douglas v. Richards, 10 N. D. 366, 87 N. W. 600; Eakin v. Campbell, 10 N. D. 416, 87 N. W. 991; State ex rel. Wiles v. Heinrich, 11 N. D. 31, 88 N. W. 734, where it is said, after the statement of the case had been stricken out. "We still have before us the judgment roll proper, after eliminating from consideration the defective statement. Error is predicated thereon, and the same is presented to us for review by a proper assignment in appellant's brief. The single error assigned upon the statutory judgment roll is that 'the conclusion of law and judgment are not justified by the findings of fact.'" See also Sykes v. Beck, 12 N. D. 242, 96 N. W. 844. We conclude, therefore, that the motion to dismiss the appeal should be denied and the appeal considered upon its merits.

(2) The trial court found, among other things, that the Golden Valley Land & Cattle Company was the nominal plaintiff and the plaintiff A. T. Christ was the use plaintiff. It also found: "That on or about the 20th day of January, 1908, the said Golden Valley Land & Cattle Company, did, while the defendant John Johnstone was in possession as aforesaid, sell the said land and convey it by warranty deed to the plaintiff John Weber, on or about the 4th day of February, 1909, and said John Weber and Mary Weber, his wife, did sell the same and convey it by warranty deed to A. T. Christ, and that the said lands were agricultural lands, capable of and suitable for cultivation, and a fair and reasonable value of the use and occupation thereof by the defendant John Johnstone, from the time he took possession thereof until the time of the trial of this action, is the sum of $125 for each farming year, or $625 in all." Upon the findings the trial court based its conclusions of law, among which are the following: "That the title of the Golden Valley Land & Cattle Company shall be quieted and confirmed in it as against the defendants and all of them, . . . and the said plaintiff, Golden Valley Land & Cattle Company, shall recover

from the defendant John Johnstone the value of the use and occupation of said land for the various years from 1906 to 1910, inclusive, in the sum of $625." Of course the plaintiff, the Golden Valley Land & Cattle Company, is merely nominal, and as such is entitled to no relief whatever in this action. It must recover only such relief as the other plaintiff, A. T. Christ, could recover were he permitted by our statute to maintain the action in his own name. No judgment can be entered in this action that could not be entered in favor of the plaintiff A. T. Christ were he permitted to bring the action in his own name. With this in mind, and remembering also the finding of the trial court that Christ bought the land after the 4th day of February, 1909, can he recover for its use for the years 1906, 7, 8, in the absence of an allegation that the Golden Valley Land & Cattle Company has assigned to him its cause of action, for the use of the land? We think not. Appellant concedes that he is liable to Christ for the years 1909–1910, and we believe those years are all for which recovery can be had in the present action. The trial court will therefore modify its judgment, reducing the amount of damages from $625 to $250.

Appellant will recover his costs in this action.