STATE BANK OF MAXBASS, a Corporation, v. HONORA HILE-
MAN and Andrew G. C. Hileman and John D. Gruber Company,
a Corporation.

(154 N. W. 532.)

**Trial de novo — supreme court — appeal — statement — retrial must be de-
manded in — such demand in notice of appeal not sufficient.**

1. On an appeal in cases triable *de novo* in the supreme court under § 7846
of the Compiled Laws of 1913, which requires that the appellant must specify
in the statement of the case either that he desires a retrial of the entire case
or of certain designated questions of fact, the statement in the notice of
appeal that appellant "demands a trial *de novo* of the action in the supreme
court" is not a sufficient compliance therewith.

**Statement of case on appeal — proper specifications — failure to make —
motion to strike — counter motion to remand for amendments — show-
ing on — costs as terms.**

2. Upon a motion by respondent to strike from the files the statement of
the case, for failure to contain proper specifications, appellant made a counter
motion for an order remanding the record to enable him to make application
to have proper specifications supplied, *held*, under the showing, that such
counter motion should be granted upon the payment · of certain motion costs
as terms.

**Brief — failure to conform to rules — motion to strike — omissions result
of inadvertence — new brief filed — on terms — prejudice.**

3. Upon motion to strike appellant's brief for failure to conform to the
rules of this court, appellant, upon payment of terms, is granted leave to file
a new brief, it appearing that the omissions are the result of inadvertence
and that respondent will not be prejudiced by the granting of such leave.

Opinion filed October 9, 1915.

Motion to strike appellant's statement of case and brief and for an
affirmance of the judgment.

· Motion denied conditionally.

*Cowan & Adamson* for the motion.

*Albert Weber, contra.*

FISK, Ch. J. Respondent moves this court for an order striking from
the files the statement of the case and appellant's brief, and summarily
affirming the judgment below.

31 N. D.—27.

The grounds for such motion are in substance: 1. That appellant has failed to specify in his statement of the case a demand either for a trial *de novo* or for the review of any questions of fact.

2. That the brief fails to comply in any respect with the rules of this court in such cases.

The first part of the motion is technically well taken, but appellant's counsel explains the omission as the result of inadvertence and excusable neglect, and asks that the record be remanded to the lower court that such omission may be supplied. Under the showing we think the interests of justice will be best subserved by granting such request. It does not appear that respondent will be in any way prejudiced by the delay thus occasioned, as the case will probably not be reached on the calendar of this court for several months.

While the statement fails to contain the specification required by statute, the notice of appeal does contain a demand for a trial *de novo* of the action in the supreme court. This, however, is manifestly not a compliance with the statute, which specifically requires that in actions triable *de novo* in this court the appellant shall specify therein the questions of fact that he desires the supreme court to review, and if he desires a review of the entire case he shall so specify. Comp. Laws 1913, § 7846; see also rule 31.

Appellant's counsel expressly concedes that the criticism of his brief is well taken, but he attempts to excuse the omissions as a mere oversight or inadvertence, and asks that he be granted leave to supply another brief. We find that the excuse offered for the omissions is sufficient to justify this court under the circumstances in granting the request aforesaid. However, we think terms should be imposed as a condition to the granting of these favors. It is accordingly ordered that upon payment to respondent's counsel of $25 motion costs, the record may be remanded for correction, and the appellant may also within thirty days file a supplemental brief as requested.

If appellant fails to pay such motion costs or fails to supply such deficiencies in his statement of case and brief within thirty days the respondent's motion will be granted.

CHRISTIANSON, J., disqualified, and did not participate.