[File No. 6485.]

H. O. PEARCE, Appellant, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent.

(274 N. W. 587.)

Opinion filed July 28, 1937.

*Jacobsen & Murray,* for appellant.

*P. O. Salhre,* Attorney General, and *Millon K. Higgins,* Assistant Attorney General, for respondent.

BURR, J.   This appeal is based solely upon the findings made by the district court—appellant being dissatisfied with the conclusions.

In brief, the court found that the plaintiff, on March 25, 1935, while in the employ of the International Harvester Company in this state, suffered such an injury in the course of his employment as entitled him to recover compensation from the Workmen's Compensa-

tion Bureau; that he filed his claim for compensation with the bureau on January 28, 1936; and that he "has a meritorious claim for compensation insurance to the extent of 50% of weekly compensation for total disability, to wit, 50% of $20 per week, same being $10 per week from the date of said injury; . . ."

The findings show that the injury was inflicted March 25, 1935, and that from that time until the 28th day of January, 1936, "the plaintiff did not possess sufficient mental powers or normal faculties so as to enable him to properly care for and look after his ordinary business and affairs of life; that said stroke of paralysis has permanently impaired the plaintiff's mental faculties; . . . that the plaintiff by reason of his mental impairment, caused by said stroke of paralysis, did not possess sufficient mental power and faculties to realize the necessity for filing a claim with the defendant within sixty days after the injury or any other time, and that when he did partially recover his mental faculties, which was sometime subsequent to January 5th, 1936, he concluded that he had no claim against the bureau in that the Workmen's Compensation Bureau only insured against external, violent injury, and not occupational disease.

"*That said stroke of paralysis did incapacitate the plaintiff from filing his said claim at all times before he so filed it;* that when his mind did become partially normal, which was subsequent to January 5th, 1936, he concluded that the Workmen's Compensation law did not insure him against occupational disease, but insured only against external violent injury; that he did not learn of the law that the Workmen's Compensation law did insure employees against occupational disease, until on or about the 25th day of January 1936. . . ."

The bureau refused to allow claimant to participate in the fund on the ground that his claim was not filed in time, and the plaintiff appealed to the district court.

. The bureau has not appealed. It is, therefore, satisfied with the findings, admits their correctness, but bases its defense solely on the theory that its discretion in the situation involved is not reviewable.

The district court sustained the bureau in holding that its discretion was not subject to review and ordered judgment of dismissal, which was entered.

This appeal raises three issues—first, may the courts review the action of the bureau in refusing to allow the claim to be filed after sixty days but within one year from the date of the injury; second, in case such action is reviewable, was the bureau justified in refusing to permit the claim to be filed; and, third, was the district court correct in holding that the plaintiff was entitled to but 50% of total disability.

As both sides concede the accuracy of the findings of the trial court, we are not concerned with the effect to be given to such findings on appeal.

The legislative purpose, in establishing the fund and creating the bureau to administer it, is to provide sure and certain relief for workmen engaged in hazardous employments and their families and dependents, regardless of questions of fault and to the exclusion of every other remedy, subject to the legislative definition of terms. Section 396a1 of the Supplement. Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 931, 194 N. W. 663; State ex rel. Woods v. Hughes Oil Co. 58 N. D. 581, 598, 226 N. W. 586, 593; Ethen v. North Dakota Workmen's Comp. Bureau, 62 N. D. 394, 398, 244 N. W. 32, 34.

The Workmen's Compensation Act provides that every person engaged in a hazardous employment who suffers such an injury arising in the course of his employment as is not caused by his wilful intention to injure himself or to injure another, or by his voluntary intoxication is entitled to recover compensation in accordance with the provisions of the statute. See § 396a2 of the Supplement as amended by § 1, chapter 286 of Session Laws of 1935.

Section 396a17 of the Supplement, as amended by chapter 286 of the Session Laws of 1935, provides: "The Bureau shall have full power and authority to hear and determine all questions within its. jurisdiction, *and its decision thereon shall be final. Provided, however, in case the final action of such Bureau denies the right of the claimant to participate at all in the Workmen's Compensation Fund* on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or *upon any other ground going to the basis of the claimant's right,* then the claimant . . . may, by filing his appeal in the District Court . . .

be entitled to a trial in the ordinary way" and "Either party shall have the right to prosecute error as in the ordinary civil cases, and appeals to the Supreme Court in such cases shall be triable de novo."

Was the refusal of the bureau to permit the claimant to participate in the fund based upon any "ground going to the basis of the claimant's right?"

Under the statute, § 396a15 of the Supplement, "All original claims for compensation for disability or death shall be made within sixty days after injury or death. For any reasonable cause shown the bureau may allow original claims for compensation for disability or death to be made at any time within one year."

The prime essential requirement is a meritorious claim on the part of one entitled to participate in the fund. The fund is created for the benefit of such a claimant. He has a right to participate and this right is incontrovertible if the claim is filed within sixty days. The rejected claim was the original claim.

This receipt of an injury is not the sole basis for right to participate. Filing a claim within the time prescribed by statute is jurisdictional. It is a ground going to the basis of the claimant's right. No matter how meritorious the claim, unless so done the claimant can not participate in the fund.

If the claim be meritorious and is filed within sixty days from the receipt of the injury, the claimant can insist on participation in the fund.

Failure to file within sixty days does not of itself destroy his right. It does place upon him the burden of showing to the bureau reasonable grounds why this failure should be waived, for the burden of showing right to participate in the fund is upon the claimant. Pace v. North Dakota Workmen's Comp. Bureau, 51 N. D. 815, 201 N. W. 348; Dehn v. Kitchen, 54 N. D. 199, 209 N. W. 364; Kamrowski v. North Dakota Workmen's Comp. Bureau, 64 N. D. 610, 255 N. W. 101.

If he fails to file within the sixty days, but files a meritorious claim within a year of the receipt of the injury and shows to the bureau reasonable cause for failing to file within sixty days, then the bureau should allow the claim. If the claimant permits the year to go by, the bureau can not permit him to participate no matter how reason-

able may have been his action in failing to file within the time prescribed by statute, nor how meritorious his claim.

It is true the statute quoted (§ 396a15 of the Supplement) provides: "For any reasonable cause shown the bureau *may allow* original claims for compensation for disability or death to be made at any time within one year;" but the word "may" is to be construed "must." While the statute uses words permissive in form, it is dealing with a matter which involves rights. The statute in its very essence imports the use of discretion, and, therefore, when the situation arises where judicial discretion can be exercised in but one way, the word "may" is in fact peremptory. As stated in State v. Barry, 14 N. D. 316, 103 N. W. 637, "It is a general rule of construction that statutes which confer upon public officers power to act . . . concerning . . . the rights of third persons, although permissive in form, are mandatory, and impose a positive duty to act when the condition calling for the exercise of the power is present."

Where public officers are authorized to perform an act for others which benefits these others the officers are bound to perform the act. The power is given to them, not for their own, but for the benefit of those in whose behalf they are called upon to act. See Cutler v. Howard, 9 Wis. 309, 312. As said in State v. Kent, 4 N. D. 577, 591, 62 N. W. 631, 27 L.R.A. 686, where "the legislative purpose was to confer authority on one for the benefit of another, then the donee of such power has no discretion about exercising it" and permissive language in such case will be construed as mandatory.

In Rock Island County v. United States, 4 Wall. 435, 18 L. ed. 419, the Supreme Court of the United States adopts the same rule of construction, saying:

"The conclusion to be deduced from the authorities is, that where power is given to public officers, in the language of the act before us, or in equivalent language—whenever the public interest or individual rights call for its exercise—the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given

as a remedy to those entitled to invoke its aid, and who would otherwise be remediless.

"In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose 'a positive and absolute duty.' "

The statute we are considering must be construed as placing upon the bureau the absolute duty to allow a claim to be filed after sixty days and within one year from the injury if a reasonable cause is shown why the claim was not filed within the specific sixty-day period. Whether the ground for the delay in filing the claim is reasonable is a question of fact. 71 C. J. 1165. If the claimant shows that he has a reasonable cause for not filing his claim within the sixty-day period, he has a right to participate in the fund if his claim is meritorious. This duty on the part of the bureau gives rise to a corresponding right which the claimant is entitled to exercise and enforce.

The limitation of time provided for the allowance of claims is not a statute of limitations as that term is commonly used. It is a limitation of the liability and not of the remedy. Simmons v. Holcomb, 98 Conn. 770, 120 A. 510. Being a limitation of liability, it involves the basic rights of a claimant.

The refusal of the bureau to permit the claimant to participate in the fund, on the ground the claim was not filed within sixty days from the receipt of the injury and no reasonable cause was shown for not filing within that time, is a denial of the claimant's right to participate at all in the fund and based upon a ground going to the basis of the claimant's right.

While decisions of the bureau on questions within its jurisdiction are conclusive, the statute expressly excepts from finality decisions of the bureau on grounds going to the basis of the claimant's right. Decisions thereon are not final. The claim being rejected on a ground going to the basis of the claimant's right, the discretion exercised in rejecting it must be subject to review on appeal; otherwise the right of appeal on this ground is rendered nugatory. It is a judicial discretion which must be exercised to determine claimant's right and the exercise of such discretion is subject to review on appeal.

In dealing with the second issue in this case we are not called upon

to determine what rules govern the determination of reasonable discretion on the part of the bureau, or review the evidence thereon. The court, while holding there was no remedy in effect determined the bureau did not exercise reasonable discretion. This determination is not disputed and therefore stands.

Since the exercise of the discretion in such matter as this is reviewable and the findings show there was an abuse of discretion, the claim should not have been rejected and the claimant is entitled to participate in the fund.

The third point involves the contention of the claimant that the district court was incorrect in concluding that the claimant was entitled to but fifty per cent of total disability.

In Finding No. VII. the trial court finds that the plaintiff's injury consisted of the aggravation of a prior injury and that he was "entitled to receive from the defendant compensation for such proportion of the disability due to the aggravation of such prior disease as may be reasonably attributable to said injury, which proportion of disability due to said aggravation is hereby found to be 50% or one half of the weekly compensation for total disability, same being one half of $20 per week, to wit $10 per week from the date of said stroke of paralysis, to wit March 25, 1935."

While plaintiff appeals from the judgment, he does not question the accuracy of the findings. In his brief he states: "It is not necessary to have the testimony certified up because the findings of fact are complete and full. Consequently, the plaintiff is standing solely on the record, to wit, the findings of fact."

He questions the conclusions which the court drew and the law which the court applied. The court found the plaintiff was entitled to but fifty per cent of his disability. The finding being admittedly correct, no issue can be raised thereon.

The decision of the lower court that the plaintiff is not entitled to participate in the fund is reversed and the case is remanded for further proceedings in accordance with law.

CHRISTIANSON, Ch. J., and MORRIS and NUESSLE, JJ., concur.