[File No. 6507.]

H. O. PEARCE, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(276 N. W. 917.)

Opinion filed December 28, 1937.

*P. O. Sathre,* Attorney General, *Milton K. Higgins* and *A. M. Kuhfeld,* Assistant Attorneys General, for appellant.

*Jacobsen & Murray,* for respondent.

PER CURIAM. The plaintiff has moved to dismiss this appeal upon the grounds:

"First: That the judgment sought to be appealed from is a judgment in the defendant's favor; that the defendant is not aggrieved by said judgment; that consequently the defendant can not appeal therefrom.

"Second: That a litigant can not appeal from Findings of Fact.

"Third: That the judgment sought to be appealed from has been on appeal by the plaintiff reversed by the Supreme Court of the State of North Dakota; that the remittitur has gone down to the District Court, that pursuant to such remittitur and mandate of the Supreme Court, the District Court has entered judgment in favor of the plaintiff and against the defendant; that all matters involved in said case are now res adjudicata."

The controlling facts are as follows: On the 28th day of January, 1936, the plaintiff filed his claim with the Workmen's Compensation Bureau, claiming compensation for an injury alleged to have been sustained on the 25th day of March, 1935. On the 20th day of February, 1936, the Workmen's Compensation Bureau filed its decision in writing rejecting the claim on the ground that the same had not been filed within sixty days after injury. Thereupon the plaintiff duly perfected an appeal to the district court of the county wherein the injury was sustained. The proceeding was thereafter duly tried in the district court.

The trial court found the facts favorable to the plaintiff but concluded as a matter of law that inasmuch as the plaintiff had not filed his claim with the Workmen's Compensation Bureau within sixty days after injury, that it was a matter solely within the discretion of the Workmen's Compensation Bureau whether the plaintiff should be permitted to file his claim and that the decision of the Bureau in refusing the extension and in rejecting the claim was final and conclusive and not subject to judicial review.

The district court directed judgment to be entered in favor of the Workmen's Compensation Bureau for a dismissal of the proceeding upon the merits and with prejudice. Judgment was entered accordingly on the 29th day of January, 1937, and the plaintiff appealed to this court.

In a decision rendered July 28, 1937, this court reversed the judgment of the district court, and held that the decision of the Workmen's Compensation Bureau was not final and conclusive; that such decision constituted a denial of the right of the claimant to participate at all in the Workmen's Compensation fund upon a ground going to the basis of the claimant's right; that under the facts as found the

Workmen's Compensation Bureau erred in rejecting the claim and that the facts found by the trial court entitled plaintiff to compensation. Pearce v. Workmen's Comp. Bureau, 67 N. D. 512, 274 N. W. 587.

The cause was subsequently remanded to the district court and judgment was entered in the district court, pursuant to the remand, on the 8th day of September, 1937, in favor of the plaintiff and against the defendant Workmen's Compensation Bureau in accordance with the findings of the trial court as regards the extent of plaintiff's injury and the amount of compensation to which he was entitled. No appeal has been taken from such judgment.

In the meantime and on the 29th day of July, 1937, the defendant appealed from the judgment of the district court that had been entered on the 29th day of January, 1937, and which was reversed by the decision of this court rendered on July 28th, 1937. In specifications of error attached to the notice of appeal it is asserted that the trial court erred in its findings of fact and that the same were not sustained by the evidence in the case.

The motion to dismiss the appeal must be granted. In certain cases the terms of a judgment may be such that both parties may have the right to appeal, but that situation can arise only where the judgment in some manner affects adversely the rights of each. As a general rule an appellant must not only have an interest in the subject matter of the controversy but in addition he must be prejudiced or aggrieved by the decision from which he seeks to appeal. 3 C. J. 616, 629–631. A party cannot appeal from a judgment wholly in his own favor since he is not aggrieved thereby. 4 C. J. S. § 183 b (3), p. 359.

Standard Encyclopedia of Procedure (vol. 2, pp. 200, 201) says:

"It is an additional requisite in prosecuting an appeal that the appellant should be injured or aggrieved by the decision appealed from.

"The statutes frequently expressly provide that any party aggrieved by a judgment, decree, or order may appeal, but the requirement is inherent in the very nature and object of an appeal, since it is fundamental that where there is no grievance there can be no right of appeal.

"Where a decision is rendered in one's favor, giving to such successful party the entire relief asked for, there is nothing to appeal."

The judgment from which this appeal is taken is one wholly in

favor of the defendant. It could not have been more favorable. In the very nature of things defendant could not be aggrieved by the judgment. If the judgment from which the appeal is taken had remained in effect defendant would doubtless have been satisfied. The basis for defendant's appeal is not the judgment that was rendered by the district court and from which the appeal is taken. The judgment with which defendant is aggrieved is that rendered by this court upon the former appeal and the judgment rendered in the district court pursuant to the mandate of this court upon remand. If there had been no appeal by the plaintiff, or if upon plaintiff's appeal the decision of this court had been adverse to the plaintiff, then the defendant would not have had the slightest basis for an appeal. The defendant's right of appeal was dependent upon the terms of the judgment. The fact that that judgment was set aside upon an appeal by the plaintiff could not and did not operate to give defendant a right of appeal from such judgment which it did not formerly possess.

On the former appeal the defendant did not question the correctness of the findings of fact made by the trial court. The former appeal was submitted on the theory that the findings were correct. (67 N. D. 512, 274 N. W. 587.) Neither did the defendant question the decision that was rendered by this court. There was no petition for rehearing. There was no attempt on that appeal to show that the judgment of the trial court was correct under the facts as they existed and that the findings were inaccurate. This appeal was taken the day following the rendition of the decision by this court on the former appeal.

The decision on the former appeal has become final. It is the law of the case. "Where a party has brought a proceeding for appellate review and it has been prosecuted to a final determination by the appellate court, the general rule is that unless there have been new proceedings in the cause he cannot again bring the same case up for review." 3 C. J. pp. 344, 345. See also Scottish American Mortg. Co. v. Reeve, 7 N. D. 552, 75 N. W. 910; Wittmayer v. Security State Bank, 57 N. D. 934, 224 N. W. 303.

"Upon a second, or subsequent, appeal of the same case, the legal questions that were raised and decided at the first appeal will be considered as the settled law of the case. Whether they were decided

correctly or not, they will not be re-examined. On a subsequent appeal they are final and conclusive." 2 Standard Proc. p. 482.

"Where a case has been brought up by appeal or on writ of error by one of the parties, and determined by the reviewing court, the other party cannot subsequently bring the case up by appeal or writ of error to obtain a review of a question which was determined in the first proceeding, or which should have been . . . presented by an assignment of cross error." 3 C. J. 347.

Appeal dismissed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., concur.

SATHRE, J., being disqualified, did not participate.

MORRIS, J., did not participate.