[File No. 6535.]

H. O. PEARCE, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(279 N. W. 601.)

Opinion filed May 4, 1938.

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins,* and *A. M. Kuhfeld,* Assistant Attorneys General for appellant.

*Jacobsen & Murray,* for respondent.

BURR, J. On January 28, 1936, the plaintiff filed with the Workmen's Compensation Bureau his claim for compensation for an injury which he claimed he suffered on March 25, 1935, during the course of his employment by the International Harvester Co. The bureau rejected the claim on the ground that it had not been filed within sixty days after the injury was received and determined that no reasonable cause had been shown why he should be allowed to file his claim after the expiration of this sixty-day period, even though it was filed within the period of the one-year limitation.

From this rejection the plaintiff appealed to the district court. Here the bureau was represented by counsel and testimony was taken with reference to the claim of injury, etc. The district court made findings of fact to the effect that the plaintiff was in the employ of the International Harvester Company on March 25, 1935 and in the course of his employment received an injury which resulted in a partial disability due to the aggravation of a "prior disease as may be reasonably attributable to said injury"; and that the "proportion of disability due to said aggravation is hereby found to be 50% or one half of the weekly compensation for total disability, same being one half of $20 per week, to-wit $10 per week from the date of said stroke of paralysis, to-wit March 25, 1935." The court also found that because of the injury the plaintiff "did not possess sufficient mental power and faculties to realize the necessity for filing a claim with the defendant within sixty days after the injury or any other time, and that when he did partially recover his mental faculties, which was sometime subsequent to January 5th, 1936,

he concluded that he had no claim against the bureau in that the Workmen's Compensation Bureau only insured against violent external injury, and not occupational disease." The court then finds that as soon as plaintiff fully recovered his faculties he filed his claim, which was within three weeks thereafter. If defendant desired to furnish opposing testimony it had the opportunity so to do.

From the findings the court concluded that the "plaintiff had and has a meritorious claim for compensation insurance to the extent of 50% of weekly compensation for total disability, to-wit 50% of $20 per week, same being $10 per week from the date of said injury. . . ." But the court also concluded it had no jurisdiction to review the discretion of the bureau in disallowing the claim on the ground that it was not filed within the sixty-day period, and therefore the court was compelled to dismiss the action. Judgment was rendered accordingly and the plaintiff appealed.

The basis of the appeal, as is shown in 67 N. D. 512, 274 N. W. 587, was in effect that the court erred in not entering judgment for the plaintiff and in deciding that the court was without power to review the discretion of the bureau.

That appeal was upon the record alone. There was no attempt by either party to have a review of the testimony in the case. The defendant filed no cross statement of errors. It hazarded its case solely on the issue that its discretion was not reviewable, and made no attempt to show the findings were erroneous. The appeal was heard solely upon the record presented by the plaintiff.

In his brief the plaintiff sought to review the action of the district court in finding that the plaintiff was entitled to but fifty per cent of total disability; but this court held that as the appeal was taken solely upon the findings as made by the trial court, plaintiff could not litigate the question of the extent of the disability.

Consequently, this court held the appeal was submitted on the findings, that neither side questioned them and therefore both accepted them, but that the lower court was in error in holding the discretion of the bureau in refusing to permit the appellant to file his claim after the expiration of sixty days was not reviewable. We held such discretion was reviewable and that a legal discretion had not been exercised. The decision of this court was that "the decision of

the lower court that the plaintiff is not entitled to participate in the fund is reversed and the case is remanded for further proceedings in accordance with law." Pearce v. North Dakota Workmen's Comp. Bureau, 67 N. D. 512, 274 N. W. 587.

Immediately thereafter the defendant sought to appeal from the same judgment of the lower court—a judgment in its favor. As shown in Pearce v. North Dakota Workmen's Comp. Bureau, ante, 78, 276 N. W. 917, the defendant, on the appeal taken by the plaintiff, had made no attempt to show that the judgment of the lower court was incorrect as to the injury and its extent or that the findings were inaccurate. Neither was there any petition for rehearing filed by the defendant. Therefore, the defendant's appeal was dismissed.

Upon the remand to the district court, on plaintiff's appeal, that court, in accordance with the orders of this court, proceeded to enter judgment. Both sides were represented and the court directed by its order for judgment:

"First: That the plaintiff be and he is hereby adjudged the right to participate in the Workmen's Compensation Fund to the extent of Ten Dollars ($10.00) a week from the 25th day of March, 1935, for the remainder of his life.

"Second: That the plaintiff do have judgment against the defendant and said Workmen's Compensation Fund for the aforesaid amount.

"Third: That there is hereby adjudged due and payable to the plaintiff on the date of this judgment, to-wit: August 21, 1937, the sum of Eleven Hundred Sixty Dollars ($1160.00); it is further adjudged and the defendants are hereby commanded to pay the plaintiff said sum forthwith and the balance in installments of Ten Dollars ($10.00) a week, the first installment of the balance to become due on the first day of September, 1937, the balance of installments to be paid weekly thereafter for the balance of plaintiff's life, and after his death, in accordance with the statute in such cases made and provided."

"It is further adjudged that the plaintiff do have judgment against the defendant for his costs and disbursements in this action, including a reasonable attorney fee to the plaintiff's attorneys, which is hereby fixed in the sum of Two Hundred Fifty Dollars, said sum to be included in the judgment for costs to be taxed by the Clerk."

Judgment was entered accordingly on September 8, 1937, and from

this judgment so entered the defendant has appealed, the notice of appeal being served and filed on March 9, 1938.

The specifications of error set forth "that the evidence produced was insufficient to sustain a judgment for the plaintiff"; that "the evidence produced entitled the defendant to a judgment as a matter of law"; that on the first appeal by the plaintiff he "appealed on the findings of facts alone and did not bring the record in said cause before the Supreme Court and that in said former appeal the Supreme Court did not have an opportunity of passing on the merits of this cause"; that the "judgment on remittitur is not a proper judgment in this cause for the reason that the prior appeal determined only the jurisdiction of the Courts to reverse an order of the North Dakota Workmen's Compensation Bureau refusing to permit a claimant from the Workmen's Compensation Fund to file his claim after the expiration of sixty days from the date of injury and that the merits of this cause were not before the Supreme Court of the State of North Dakota on the prior appeal"; and that on this appeal the defendant demands a "trial de novo in the Supreme Court in a retrial of the said cause and the whole thereof in the Supreme Court upon the merits and under the Specifications of Errors served herewith."

The plaintiff moves to dismiss the appeal and urges, among other things, that the defendant has failed to have any statement of the case settled, has failed to have incorporated in any statement of the case a demand for trial de novo, that defendant has failed to serve any specification of error showing wherein the evidence is insufficient, and that "the defendant has not taken any steps within the statutory time to procure a settlement of the statement of the case, nor has the defendant procured any extension of time for so doing, and that the jurisdictional power of the District Court has now expired for doing so," and that the matter sought to be litigated is res adjudicata and the record shows the judgment appealed from is in strict conformity with the mandate of this court.

There is no statement of the case settled, and as the appeal was taken at the end of the time for appeal and no further proceedings have been taken, it must be evident this court can not review the findings of fact made by the trial court.

"In such appeal this court will assume that all questions of fact

have been properly decided by the trial court, and will only determine whether or not the judgment entered and the conclusions of law announced are supported by the findings of fact." Christ v. Johnstone, 25 N. D. 6, 140 N. W. 678. See also State Bank v. Hileman, 31 N. D. 417, 154 N. W. 532; Lunde v. Irish, 50 N. D. 312, 316, 195 N. W. 825.

It will be noted that this appeal is from the judgment as entered by the district court pursuant to the instructions given in the decision on plaintiff's appeal, reported in 67 N. D. 512, 274 N. W. 587. As shown in the opinion on the attempted appeal by the defendant (ante, 78, 276 N. W. 917), the decision on plaintiff's appeal has become final. It is the law of the case. Whether that appeal was decided correctly or not, the questions that were raised or could have been raised in that case will not be re-examined. Hence, when the case was remanded to the district court the court could not re-examine the issues determined. The case was remanded for further proceedings according to law. Assuming the district court could then have entertained a motion to reopen the case for the taking of further testimony, and thereafter defendant could have secured different findings, the fact remains defendant did not do so. On remand the findings remained unchallenged, and the district court entered such judgment as it would have entered originally had it deemed the bureau's discretion was reviewable.

On the first appeal the plaintiff attempted to question the finding of the court to the effect that he was entitled to but fifty per cent of his disability. We held he was not in position to raise that issue. The defendant, the respondent in that case, did not raise that issue on that appeal, and we held that his subsequent attempt to appeal was abortive. Therefore, that issue is established conclusively. Upon remand the only thing the district court could do was to enter judgment in conformity with the decision.

The judgment that was entered upon remand is a part of the record on this appeal. Therein the lower court recites the history of the case, shows that this court reversed the judgment of the lower court, and states that "the Supreme Court, by its decision, having held that the plaintiff is entitled to participate in the Workmen's Compensation Fund of the State of North Dakota, to-wit: the fund of said defendant

to the extent and for the amount of Ten Dollars ($10.00) per week, from the 25th day of March, 1935, *for the balance of his life* in accordance with the Workmen's Compensation Statute, in such cases made and provided; . . ."

It is from the judgment entered upon said order that this appeal is taken. (The quotation from the judgment is not a quotation from our judgment, but rather an attempted epitome.) The only matters which can be determined upon this appeal are such which raise the question of whether the judgment, entered on remand, is in accordance with the direction of this court. The only judgment the lower court could enter was one in conformity with the decision. See State ex rel. Wehe v. Frazier, 48 N. D. 381, 387, 184 N. W. 874. If there be lack of clarity it arises from the statement that the case "is remanded for further proceedings in accordance with law." The trial court could not review what had been determined. If in "accordance with law" the trial court could have re-opened the case and taken additional testimony, this was not done, nor did defendant ask for it.

The appeal is predicated solely upon the claim by defendant of the right to review the testimony taken in the first trial. As pointed out, we can no longer review that testimony. The findings certainly sustain the judgment. The presumption now is conclusively established that there was sufficient evidence for such findings. Therefore, the first two specifications of error can not be sustained.

Neither can the specification to the effect that this court "did not have an opportunity of passing on the merits of this cause" be considered now. There was the opportunity if the parties had desired to bring it before us.

Appellant contends that when the trial court reviewed the case on remand it should have sent the matter to the bureau for its determination of the issue of injury and its extent, as such matters are by statute within its exclusive jurisdiction. It urges that the procedural precedent has been established for this contention by the decision in Light v. North Dakota Workmen's Comp. Bureau, 57 N. D. 487, 222 N. W. 952. This case does not apply here. In the case cited the bureau did not decide against the claimant on any ground going to the basis of his right. It sustained his right but did not make an award. It held that the claimant was an employee, that the injury

was not self-inflicted, and that the injury was received in the course of his employment. The bureau held in effect that the claimant was insured, but owing to the fact that the premium had not been paid, the claimant could not receive an award until the default was cured. We held in that case that the action by the bureau was not a basis for an appeal and therefore the appeal was dismissed. There being no basis for the appeal, the district court was not in position to hear and determine the amount which should have been allowed the claimant for his injuries, nor could the court enter judgment against the fund.

In the case at bar, however, the plaintiff's claim was rejected for a matter going to the basis of his right. When the bureau denies the right of the claimant to participate in the fund upon any ground going to the basis of the claimant's right, then the claimant may appeal to the district court and in such case the statute provides that "the court shall determine the right of the claimant; and if it determine the right in his favor, shall fix his compensation within the limits prescribed in this Act, and any final judgment so obtained shall be paid by the Workmen's Compensation Bureau out of the Workmen's Compensation Fund in the same manner as awards are paid by such Bureau." Section 396a17, Supplement as amended by chapter 286, Session Laws of 1935.

The trial court held with the plaintiff on all issues but refused to order payment on the ground that the discretion of the bureau in rejecting the claim was not reviewable. The statute does not contemplate that the bureau may deny a right to participate and then when the district court, on appeal finds otherwise, that the bureau may require the matter to be sent back to it for the determination of the amount of the claim. The compensation fund is established for the sure and certain relief of workmen and to insure speedy compensation to them. Therefore the court, vested with jurisdiction to determine whether the claimant has a right to participate, if at the hearing it finds in his favor, will take the place of the bureau in determining the amount to be awarded. In the case at bar this procedure was followed strictly.

The final specification of error is to the effect that the judgment entered in the lower court upon remand is not the proper judgment

to be entered. This contention is not sound. As already pointed out, neither party raised the question of the sufficiency of the evidence on the first appeal. Therefore, the decision on that appeal established conclusively the sufficiency of the findings. The subsequent attempt of the defendant to appeal from that judgment was useless. Upon remand the trial court properly considered that that feature was beyond dispute, and, as pointed out herein, it was not asked to reopen the case or review the testimony, even if the court did have the power to do so. This being so, the entry of judgment was merely a formal matter, adopting the findings as the basis for the judgment.

The district court entered judgment for a lump sum for the payments due up to the time of the entry of judgment. This was proper and was merely a matter of calculation. As to whether these payments will continue for the rest of the natural life of the plaintiff, without possibility of review, is not raised and need not be determined here. However, such question is referred to in Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663.

The court included an attorney's fee in the order for judgment, but this was in accordance with the statute, and no objection thereto is raised on this appeal.

Upon the record it is useless to prolong the determination of this case. The judgment is therefore affirmed.

CHRISTIANSON, Ch. J., and NUESSLE and MORRIS, JJ., and ENGLERT, Dist. J., concur.

Mr. Justice SATHRE, being disqualified, did not participate, Hon. M. J. ENGLERT, Judge of the First Judicial District, sitting in his stead.